**Rachel E. Donn, Esq.**
**Nevada Bar No.: 10568**
**Peter E. Dunkley, Esq.**
**Nevada Bar No.: 11110**
**WOLFE & WYMAN LLP**
**980 Kelly Johnson Drive, Suite 140**
**Las Vegas, NV 89119**
**pedunkley@wolfewyman.com**
**Tel: (702) 476-0100**
**Fax: (702) 476-0101**

Attorneys for Defendants
**NATIONAL CITY MORTGAGE COMPANY, MICHAEL DEMING, AND VIVIAN FURLOW**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| NICHOLAS OLIVA; JOAN OLIVA, individuals,<br><br>Plaintiffs,<br>v.<br><br>NATIONAL CITY MORTGAGE COMPANY; MICHAEL DEMING, individually and as an employee/agent of National City; VIVIAN FURLOW, individually and as an employee/agent of National City; and DOES I through XX, inclusive<br><br>Defendants. | CASE NO.: 2:08-cv-01559<br><br>Nevada District Court Case No.: A570250<br><br>**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 26(a).**<br><br>[Fed. R. Civ. P. 41(b)] |

**TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Fed.R.Civ. P. Rule 41(b), Defendants, National City Mortgage Company; Michael Deming and Vivian Furlow (hereinafter collectively known as "Defendants"), by and through their attorneys, Wolfe & Wyman LLP, hereby move to dismiss Plaintiffs' Complaint based for their failure to comply with the Fed. R. Civ. Pro. 26(a)(1)(A)(iii).

This Motion is based on the attached Memorandum of Points and Authorities filed and served concurrently, all pleadings and papers on file herein, and upon such oral and documentary evidence as may be presented at a hearing on this Motion that the Court may set.

DATED: February 8, 2010 WOLFE & WYMAN LLP

By: /s/ ***Peter E. Dunkley***

RACHEL E. DONN, ESQ.
Nevada Bar No. 10568
PETER E. DUNKLEY, ESQ.
980 Kelly Johnson Drive, Suite 140
Las Vegas, NV 89119
Phone (702) 476-0100
Fax (702) 476-0101
pedunkley@wolfewyman.com

Attorneys for Defendants
**NATIONAL CITY MORTGAGE COMPANY, MICHAEL DEMING, AND VIVIAN FURLOW**

H:\Matters\National City Bank (1264)\069 (Oliva)\Pleadings\Motion to Dismiss For Failure to Comply with FRCP 26.doc

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTS AND PROCEDURAL POSTURE

The Plaintiffs, Nicholas and Joan Oliva (hereinafter "Plaintiffs") filed a Complaint on August 22, 2008 alleging several causes of action, namely: (1) Fraud, (2) Breach of Contract, (3) Conversion, (4) Breach of Covenant of Good Faith and Fair Dealing, (5) Negligence, Gross Negligence and Negligence *per se*, (6) Quiet Title, (7) Violation of 15 U.S.C. § 1601, *et seq.* (TILA). Plaintiffs obtained a 3-year adjustable rate mortgage loan ("ARM") for which they signed a promissory note and deed of trust. Plaintiffs contend the loan was to be a 7-year ARM loan.

The Court dismissed all of Plaintiffs claims except for their fraud and negligence causes of action (Docket No. 25). Plaintiffs' initial disclosures did not include a computation of damages as required by Fed. R. Civ. P. 26. The parties' attempts to resolve the issue have been fruitless. (*See* letters to Plaintiffs, attached hereto as exhibits A, B, and C.) Discovery has now closed, and Defendants are still without a "computation of each category of damages claimed by the disclosing party…and documents or other evidentiary material…on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii).

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure require the parties to provide initial disclosures which must include a computation of damages:

> [A] computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered

Fed. R. Civ. P. 26(a)(1)(A)(iii). Dismissal of an action is appropriate where a party fails to comply with the Federal Rules of Civil Procedure:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. Rule 41(b). "A district court may *sua sponte* dismiss an action under Rule 41(b) for

the plaintiff's deliberate failure to comply with a court order. Holly v. Anderson, 467 F.3d 1120, 1121, (8th. Cir. 2006). It is within a court's discretion to dismiss a case under Fed. Rule Civ. P. 41(b), and such a decision will not be overturned unless the sanction was clearly outside the acceptable range based upon the facts of the particular case. Chism v. National Heritage Life Ins. Co., 637 F.2d 1328, 1331 (9th Cir. 1981), overruled on other grounds, Bryant v. Ford Motor Co., 844 F.2d 602, 605 (9th Cir. 1987) (en banc); see also Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir. 1994). Although dismissal is generally a harsh penalty, it is appropriate herein based on the circumstances of this case.

## III. LEGAL ARGUMENT

Plaintiffs' Complaint should be dismissed because they have repeatedly failed to comply with the Fed. R. Civ. P. 26(a)(1)(A)(iii). Such dismissal is soundly within the Court's discretion. Chism, 637 F.2d at 1331. The Federal Rules of Civil Procedure govern dismissal of actions:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.

Fed. R. Civ. P. 41(b). Before imposing dismissal as a sanction, the district court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curium), *cert. denied*, 479 U.S. 829 (1986). "Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." Id.

Here, all of the Thompson factors favor dismissal of Plaintiffs' claim. First, the dismissal of this action furthers the policy of expeditious resolution of matters. The case has been ongoing since August of 2008. Yet, despite deadlines established by the Federal Rules of Civil Procedure, and the deadlines established by the Discovery Scheduling Order. Plaintiffs have yet to provide a. Fed. R. Civ. P. 26. Plaintiffs made their initial disclosures on October 14, 2009, and have supplemented their disclosures. However, none of their disclosures included a computation of damages that



WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

"must" occur at the time of Plaintiffs' initial disclosure. Defendants are severely prejudiced. Without knowing the Plaintiffs' alleged damages, Defendants still cannot adequately prepare a defense.

Second, dismissal of this action furthers the Court's need to manage its own docket. Indeed, as the Court is aware, its docket has been inundated with numerous suits related to mortgage lending fraud such as this.

Third, the Plaintiffs would not be prejudiced if the Court dismissed Plaintiff's claim, as they are represented by counsel, and thus, have recourse available.

Fourth, although the public policy favoring disposition of cases on the merits generally disfavors dismissal, such is not the case herein. Indeed, because Plaintiffs have failed to provide information essential for Defendants to prepare their defense. Plaintiffs' purported computation of damages are the product of mere conjecture and based on hypothetical facts rather than any competent evidence. Furthermore, Plaintiffs continue to speculate that they are entitled to punitive damages for alleged Truth in Lending Act ("TILA") violation, as they refuse to acknowledge that their meritless and time-barred TILA claims have been dismissed by this Court. (Docket No. 25.) Plaintiffs further, and without factual support, estimate alleged income tax effects, when they admit their payments through the first three years of the loan would have been exactly the same. Plaintiffs' purported disclosures do not include actual damages. (*See* Plaintiffs' purported computations: letter from Plaintiffs' counsel attached hereto as Exhibit "D", letter from Nicholas Oliva, Bates stamped Oliva 0115-116, setting forth figures without support documents or computations, attached hereto as Exhibit "E"; and various web printouts of irrelevant interest rates, Bates stamped Oliva 0122-23, attached hereto as Exhibit "F".) Even assuming that Plaintiffs' damages were legally and factually supported, they lack the specific information required by Fed. R. Civ. P. 26(a)(1)(A)(iii). Defendants should not have to prepare a hypothetical defense to Plaintiffs' hypothetical damages.

Fifth, no other sanctions are available to remedy Plaintiffs' failure to comply herein. Rather, other sanctions can only serve to further delay this matter, causing prejudice to Defendants, and burdening the courts. To strike Plaintiffs' damages would have the same effect as dismissing the complaint. Each of Plaintiffs' remaining claims, fraud and negligence, require the element of damages. Should the court simply strike Plaintiffs' damages claim, Plaintiffs would be unable to state a *prima facie* case, and dismissal of the complaint would be proper. Accordingly, dismissal with prejudice is appropriate herein based on Plaintiff's failure to comply with Fed. R. Civ. P. 26(a)(1)(A)(iii).

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court GRANT its Motion to Dismiss and dismiss Plaintiffs' claims against them in their entirety, pursuant to Fed. R. Civ. P. 41(b), based on Plaintiffs' failure to provide a computation of damages with supporting evidence pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii).

DATED: February. 8, 2010 WOLFE & WYMAN LLP

By: /s/ ***Peter E. Dunkley***

RACHEL E. DONN, ESQ.
Nevada Bar No. 10568
PETER E. DUNKLEY, ESQ.
980 Kelly Johnson Drive, Suite 140
Las Vegas, NV 89119
Phone (702) 476-0100
Fax (702) 476-0101
pedunkley@wolfewyman.com

Attorneys for Defendants
**NATIONAL CITY MORTGAGE COMPANY, MICHAEL DEMING, AND VIVIAN FURLOW**

## CERTIFICATE OF SERVICE

On February 8, 2010, I served the **MOTION TO DISMISS** by the following means to the persons as listed below:

_X_ a. EFC System (you must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary):

Jason J. Bach jbach@bachlawfirm.com, Sandra.Herbstreit@bachlawfirm.com,

__ b. United States Mail, postage fully pre-paid (List persons and addresses. Attach additional paper if necessary):

By: ***/s/ Katia Ioffe***
Katia Ioffe
An employee of Wolfe & Wyman LLP