1   **Rachel E. Donn, Esq.**
    **Nevada Bar No. 10568**
2   **Peter E. Dunkley, Esq.**
    **Nevada Bar No. 11110**
3   **WOLFE & WYMAN LLP**
    **980 Kelly Johnson Drive, Suite 140**
4   **Las Vegas, NV  89119**
    **Tel: (702) 476-0100**
5   **Fax: (702) 476-0101**
    pedunkley@wolfewyman.com
6
    **Attorneys for Defendants**
7   **NATIONAL CITY MORTGAGE**
    **COMPANY; MICHAEL DEMING; AND**
8   **VIVIAN FURLOW**

9                   **UNITED STATES DISTRICT COURT**

10                        **DISTRICT OF NEVADA**

11

12   NICHOLAS OLIVA; JOAN OLIVA, individuals,       CASE NO.:  2:08-cv-01559-PMP-LRL

13                    Plaintiffs,                    Nevada District Court Case No.:  A570250
           v.
14                                                   **DEFENDANTS' RESPONSE TO**
     NATIONAL CITY CORPORATION; NATIONAL            **PLAINTIFFS' MOTION TO COMPEL**
15   CITY MORTGAGE COMPANY; NATIONAL               **DISCOVERY RESPONSES AND MOTION**
     CITY BANK OF INDIANA; MICHAEL                  **TO REOPEN DISCOVERY**
16   DEMING, individually and as an employee/agent
     of National City; VIVIAN FURLOW, individually
17   and as an employee/agent of National City; and
     DOES I through XX, inclusive
18
                      Defendants.
19

20

21          **COMES NOW**, Defendants, National City Mortgage Company, Michael Deming, and

22   Vivian Furlow (hereinafter collectively "Defendants"), by and through counsel, Wolfe & Wyman

23   LLP, and hereby respond to Nicholas Oliva and Joan Oliva's (hereinafter "Plaintiffs") Motion to

24   Compel; and to Reopen Discovery, (hereinafter "Motion").

25   ///

26   ///

27   ///

28   ///

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

1    These Responses are made and based upon the documents and pleadings on file herein, the

2  points and authorities which follow and all exhibits attached hereto, and any oral argument the Court

3  may allow.

4  DATED:  March 12, 2010                    WOLFE & WYMAN LLP

5

6

7  By:/s/ *Peter E. Dunkley*
        RACHEL E. DONN, ESQ.
        Nevada Bar No. 10568

8      PETER E. DUNKLEY, ESQ.
        Nevada Bar No. 11110

9      980 Kelly Johnson Drive, Suite 140
        Las Vegas, NV 89119

10     Phone (702) 476-0100
        Fax (702) 476-0101

11     Attorneys for Defendants
        **NATIONAL CITY MORTGAGE COMPANY;**

12     **MICHAEL DEMING AND VIVIAN FURLOW**
   H:\Matters\National City Bank (1264)\069 (Oliva)\Pleadings\Response to Motions to Compel and to Reopen Discovery.doc

13

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND MOTION TO REOPEN DISCOVERY**

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiffs file these untimely and baseless motions at the 11th hour as a dilatory tactic to delay resolution of the matter on Summary Judgment or by a trial on the merits.  Plaintiffs have had ample opportunity to comply with the deadlines imposed by the Federal Rules of Civil Procedure, this Court's Scheduling Orders, and the Stipulations of the parties.  Plaintiffs have not exercised the diligence to do so.  Plaintiffs had a golden opportunity to obtain clarification regarding Defendants discovery responses when, at Plaintiffs' request, Defendants agreed to allow their depositions to take place after the January 7, 2010 close of discovery.  However, despite the Stipulation and Order allowing Plaintiffs until February 12, 2010 to depose Defendants Vivian Furlow and Michael Deming, Plaintiffs unilaterally and voluntarily vacated the depositions and now seek to reopen discovery.

Plaintiffs' lack of diligence should not be rewarded by needlessly compelling discovery responses to mostly irrelevant and sometimes incomprehensible discovery requests.  Additionally, Plaintiffs' lack of diligence should not permit them unlimited extensions of deadlines ordered by this Court, and to which Plaintiffs stipulated, and which have long passed.  Plaintiffs' Motions to Compel Discovery Responses and to Reopen Discovery should be denied.

## II.     FACTS AND PROCEDURAL HISTORY

In May of 2005, Plaintiffs obtained a loan for $680,000.00 ("Subject Loan") to purchase real property.  To obtain the Subject Loan, Plaintiffs executed voluminous documents including, but not limited to, a Uniform Residential Loan Application, a Promissory Note, and a Deed of Trust, each of which indicate that the Subject Loan is a 3 year adjustable rate mortgage ("ARM").

Plaintiffs filed their Complaint on August 22, 2008 which Defendants removed to Federal Court on November 12, 2008. (*See*, Docket No. 1.)  Despite the documentation to the contrary, the Complaint alleged, among other things, that Defendants Vivian Furlow and Michael Deming had represented to Plaintiffs that the Subject Loan was to be a 7 year ARM.  On November 19, 2008, Defendants filed a Motion to Dismiss; a response was due by December 7, 2008.  (*See*, Docket No. 4.)  On December 1, 2008, Plaintiffs requested, and Defendants granted, an additional two weeks to

3

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

file a response to Defendants' Motion to Dismiss.  (*See*, Docket No. 8.)  The first Scheduling Order was entered on January 5, 2009, which set the close of discovery for June 12, 2009. (*See*, Docket No. 16.)

The Court thereafter granted Defendants' Motion to Dismiss, however, Plaintiffs' fraud and negligence claims were dismissed without prejudice. (*See*, Docket No. 19.)  Plaintiffs filed an Amended Complaint, which initiated a second round of motion practice.  On May 26, 2009, this Court dismissed all claims against Defendants except: (1) negligence, and (2) fraud. (*See*, Court's Order, Docket No. 25.)   After the Court's ruling, the parties stipulated to extend the discovery deadlines a first time.  The second Scheduling Order was entered on July 27, 2009, which set the close of discovery for December 8, 2009.  (*See*, Docket No. 28.)  Defendants served their initial disclosures on August 20, 2009.

Pursuant to the second Scheduling Order, Expert Disclosures were due by October 9, 2009. However, Plaintiffs had not yet served their initial disclosures required by Fed. R. Civ. P. 26(a)(1), and Plaintiffs requested additional time to respond to Defendants' discovery requests. Defendants granted an additional two weeks for Plaintiffs to respond, and further stipulated that Plaintiffs already tardy initial disclosures would be due by October 13, 2009.  (*See*, Docket No. 31.)  Plaintiffs provided initial disclosures on October 15, 2009, which did not include a computation of each category of damages as required by Fed. R. Civ. P. 26(a)(1)(A)(iii). To date, Plaintiffs have failed to provide complete initial disclosures which include a computation of damages.  (*See*, pending Motion to Dismiss, Docket No. 44.)

Plaintiffs were unable to meet the other deadlines.  On October 20, 2009, the parties stipulated to extend discovery an additional 30 days.  (*See*, Docket No. 34).  Pursuant to the third Scheduling Order, discovery would now close January 7, 2010; the deadline to request a discovery extension was December 18, 2009; the deadline to disclose experts was November 23, 2009 (to date, Plaintiffs have not provided an expert report as required by Fed. R. Civ. P. 26(a)(2)(B), *see*, pending Motion to Strike Expert, Docket No. 37); the deadline to file dispositive motions was February 8, 2010.

///

RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND MOTION TO REOPEN DISCOVERY

1    More than a year after filing their original complaint, Plaintiffs served Defendants with

2    discovery requests on December 7, 2009.  Defendants timely responded to all of Plaintiffs' discovery

3    requests.

4    On December 17, 2009, Plaintiffs indicated that they would not be able to conduct the

5    depositions of Vivian Furlow and Michael Deming before the close of discovery.   On December 18,

6    2009, in good faith, Defendants agreed to allow their depositions to take place after the January 7,

7    2010 close of discovery (*see*, Docket No. 40).  The Stipulation states: "the parties agree that good

8    cause exists for an extension of time, limited only to the depositions of Vivian Furlow and Michael

9    Deming, and *no other discovery deadlines*." (*Id.*, emphasis added.) The Court's Order expressly states,

10   "the date by which Plaintiffs *shall* depose Vivian Furlow and Michael Deming is extended to

11   February 12, 2010." (*Id.*, emphasis added.)  Plaintiffs properly noticed Vivian Furlow's and Michael

12   Deming's depositions to take place on February 12, 2010.   Accordingly, Michael Deming, who

13   resides out of state, made special arrangements to travel to Nevada for his deposition, at his own

14   expense.

15   On the morning of February 8, 2010, pursuant to the Dispositive Motion Deadline to which

16   the parties had previously stipulated (Docket Nos. 33 and 34), Defendants filed Motions in Limine

17   (Docket No. 43), a Motion to Dismiss (Docket No. 44), and a Motion for Summary Judgment

18   (Docket No. 45).

19   On the afternoon of February 8, 2010, more than a month after receiving Defendants'

20   discovery responses, more than a month after the close of discovery, more than six weeks after the

21   deadline to request a discovery extension, and more than a year after the first Scheduling Order was

22   entered (Docket No. 16), Plaintiffs indicated that they would not be able to take the depositions of

23   Vivian Furlow and Michael Deming unless Defendants' discovery responses were supplemented "by

24   the close of business tomorrow [February 9, 2010]." (*See*, e-mail from Jason Bach, attached hereto

25   as Exhibit A.)  Plaintiffs' supplementation demand did not include any description of how specific

26   responses were allegedly deficient.  Notwithstanding, Plaintiffs gave Defendants just over 27 hours

27   to review, evaluate, speculate as to the deficiencies, supplement, and return discovery responses to

28   Plaintiffs.  (*Id.*)

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

5

The very same afternoon of February 8, 2010, Defendants responded to Plaintiffs' demand by: (1) pointing out the untimeliness of the demand to supplement, (2) pointing out the lack of clarification as to specific responses that are allegedly deficient so that we may review, evaluate and advise our clients accordingly, and (3) giving a commitment that Defendants would evaluate the need to supplement *if* Plaintiffs would provide guidance as to the specific insufficient responses. (*See*, letter from Peter Dunkley to Jason Bach attached hereto as Exhibit B.)

Also on February 8, 2010, and despite their own twenty-four hour supplement deadline, Plaintiffs requested yet more deadline extensions, specifically, to respond to Defendants' Motions in Limine, Motion to Dismiss, and Motion for Summary Judgment, filed on February 8, 2010.  In good faith, Defendants agreed to a two week extension for Plaintiffs' responses. (*See*, Docket No. 47.)

On February 9, 2010, rather than provide information regarding specific responses, Plaintiffs replied that "all of the responses are deficient."  (*See*, letter from Jason Bach, at ¶ 1:2-3, attached hereto as Exhibit C.)  Plaintiffs do, however, provide one specific example of an alleged deficient response, to which Defendants still contend, is objectionable for the reasons stated in their responses. (*Id.* at 2, ¶ 3.)   Nevertheless, Plaintiffs granted Defendants twenty four more hours to supplement. (*Id.* at 2 ¶ 6.)

On February 11, 2010, Defendants pointed out that Plaintiffs could seek additional information regarding Vivian Furlow's and Michael Deming's discovery responses at their respective depositions.  (*See*, e-mail from Peter Dunkley to Jason Bach, attached hereto as Exhibit D.)

On February 11, 2010, the parties conducted a telephonic conference to attempt to resolve the dispute.  (*See*, affidavit of Jason J. Bach, Exhibit 12 of Motion to Compel.)  Despite the conference, the parties continue to disagree as to the relevance, ambiguity, and meaning of Plaintiffs' discovery requests, and the sufficiency of Defendants' responses.

On February 11, 2010, ignoring the prior stipulation of the parties and Scheduling Order of the Court which states that "no other discovery deadlines" will be extended, and that February 12, 2010 is the date "by which Plaintiffs shall depose" Defendants, Plaintiffs voluntarily chose to vacate Vivian Furlow's and Michael Deming's depositions.

RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND MOTION TO REOPEN DISCOVERY

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1    Rather that immediately petition the court for relief from the Court's Scheduling Order which

2    closed discovery on January 7, 2010, Plaintiffs waited an additional two weeks and filed Motions to

3    Compel Discovery Responses and Reopen Discovery on February 26, 2010, which is fifty (50) days

4    after the close of discovery. (*See*, Docket Nos. 48, 49).

5         On March 3, 2010, Plaintiffs requested a second extension of time to respond to Defendants'

6    Motions in Limine, Motion to Dismiss, and Motion for Summary Judgment.

7         On March 8, 2010, Defendants, again, granted Plaintiffs an additional week to respond to

8    Defendants' Motions in Limine, Motion to Dismiss, and Motion for Summary Judgment (*see*,

9    Docket No. 50).  With this most recent extension, the total number of extensions granted by

10   Defendants is six.  In each case where an extension was granted, Plaintiffs had made a timely

11   request, i.e., well in advance of the applicable deadline.

12        On March 10, 2010, pursuant to the Scheduling Order, a Joint Pretrial Order was due, which

13   by Local Rule 16-3 places the onus on "the initiative of counsel for plaintiff…"  LR 16-3(c).  To

14   date there has been no communication from Plaintiffs about preparing a Joint Pretrial Order.

15        Currently before the Court are Defendants':

16        (1) Motion to Strike Plaintiffs' purported expert (Docket No. 37),

17        (2) Motions in Limine (Docket No. 43),

18        (3) Motion to Dismiss (Docket No. 44),

19        (4) Motion for Summary Judgment (Docket No. 45),

20   and Plaintiffs' Motions to:

21        (1) Compel Discovery Responses (Docket No. 48), and

22        (2) Reopen Discovery (Docket No. 49).

23                           III.    __ARGUMENT__

24        Plaintiffs did not diligently pursue their previous discovery opportunities and are therefore

25   not entitled to compel discovery responses and reopen discovery.  Courts have "wide latitude" in

26   making discovery rulings. <u>Roberts v. WMC Mortgage Corp.</u>, 173 Fed.Appx 575 (9th Cir. 2006).  A

27   court's discovery ruling should not be overturned "in the absence of a clear abuse of discretion."

28   <u>California ex. rel. California Dep't of Toxic Substances Control v. Campbell</u>, 138 F.3d 772, 779 (9th

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

7

**RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND MOTION TO REOPEN DISCOVERY**

Cir.1998).  In the context of a summary judgment, "[w]e will only find that the district court abused its discretion [by denying additional discovery] if the movant diligently pursued its *previous* discovery opportunities, and if the movant can show how allowing *additional* discovery would have precluded summary judgment." Qualls v. Blue Cross of Cal., Inc., 22 F.3d 839, 844 (9th Cir.1994) (emphasis in original).  Plaintiffs have had more than a year to diligently pursue their discovery opportunities and have failed to do so.  Accordingly, Plaintiffs are neither entitled to compel discovery responses nor reopen discovery.

### A.   RESPONSE TO MOTION TO COMPEL

Defendants responded to or objected to each of Plaintiffs' discovery requests.   Many of Defendants' discovery requests are irrelevant to Plaintiffs' surviving claims, or simply objectionable due to the form and ambiguity of the requests themselves.  Accordingly, Plaintiffs are not entitled to compel response for such discovery requests.

#### 1.   Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…" Fed. R. Civ. P. 26(b)(1).   In addition to being relevant, however, discovery must "appear[] reasonably calculated to lead to the discovery of admissible evidence." Id. Even if the discovery sought is inadmissible, Plaintiffs' burden is to show a "plausible chain of inferences showing how discovery of the item sought would lead to other admissible evidence." Vardon Golf Co., Inc., v. BBMG Golf Ltd., 156 F.R.D. 641, 651 (N.D. Ill. 1994).  District Courts have broad discretion in determining whether discovery sought is relevant for purposes of discovery. Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir.2005).

#### 2.   Plaintiffs' Motion to Compel is Untimely.

Plaintiffs' Motion to Compel should be denied because it is untimely.  The Court may consider delays in filing when determining whether a motion to compel was timely filed. PCS Phosphate Co., Inc. v. Norfolk Southern Corp., 238 F.R.D. 555, 558 (E.D. N.C. 2006) (in the absence of an express deadline, discovery cut-off considered deadline for motions to compel).  See also, Gault v. Nabisco Biscuit Co., which states:

///

RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND MOTION TO REOPEN DISCOVERY

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

1

2

3

4

5

> If the moving party has unduly delayed, the court may conclude that the motion [to compel] is untimely. 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2285 (1994 & Supp.1998). [T]he requesting party cannot delay a motion to compel with impunity. The Rutter Group, Federal Civil Procedure Before Trial, ¶ 11.753 (1998). This latter treatise further opines that "[i]f the delay results in 'substantial prejudice' to the party to whom it was directed ..., the court may hold that the requesting party has waived the right to compel response and disclosure." [See, Kendrick v. Heckler (5th Cir.1985) 778 F.2d 253; Byrnes v. Jetnet Corp. (M.D.N.C.1986) 111 F.R.D. 68]. Id.

6

Gault v. Nabisco Biscuit Co., 184 F.R.D. 620, 622 (D. Nev. 1999)(quotes omitted).

7

Other jurisdictions expressly set limits on the time allowed for parties to file motions to compel.

8

9

See, e.g., Stockdale v. Stockdale, 2010 WL 681430, *3 (E.D. Mo. 2010)(Slip copy)(Motions to compel must be filed within 11 days after the close of discovery); Matusick v. Erie County Water

10

Authority, 2010 WL 681062, *2 (W.D.N.Y. 2010)(Slip copy)(Court denies a motion to compel as

11

untimely).

12

In this case, the parties had stipulated to, and the Plaintiffs were well aware of the January 7,

13

2010 close of discovery. (See, Stipulated Scheduling Order, Docket No. 34, dated October 20, 2009.)

14

Despite the proximity of the deadline, Plaintiffs did not serve Defendants with discovery requests

15

until December 7, 2009, effectively making Defendants responses due contemporaneously with the

16

close of discovery. Defendants duly served their responses by January 7, 2010. However, Plaintiffs

17

did not object to Defendants' responses until February 8, 2010, thirty two (32) days after receiving

18

Defendants' responses, and thirty two (32) days after the close of discovery. Plaintiffs were well

19

aware of the deadlines and offer no excuse as to the timing of their dispute regarding Defendants'

20

discovery responses. Furthermore, Plaintiffs waited an additional two weeks after the initial dispute

21

before finally filing their Motion to Compel on February 26, 2010 a full six weeks after the close of

22

discovery. Accordingly, Plaintiffs' Motion to Compel should be denied as untimely. Gault, 184

23

F.R.D. at 622.

24

### 3.    Plaintiffs' Motion to Compel is incomplete.

25

Plaintiffs' Motion to Compel should be denied because Plaintiffs still have not specified how

26

Defendants' responses are allegedly deficient leaving Defendants to guess as to the alleged

27

insufficiency of their responses. Pursuant to Local Rule 26-7, "[a]ll motions to compel discovery or

28

for protective order shall set forth in full the text of the discovery originally sought and the response

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

9

1   thereto, if any."  However, rather than complying with the Rule, and without articulating the

2   purported deficiencies, Plaintiffs simply attach Defendants' responses to their Motions as exhibits

3   thereto.

4        With respect to Defendants' Responses to Requests for Admission, the entirety of the

5   Plaintiffs' Motion to Compel is found in one conclusory paragraph of Plaintiffs' Motion:

6   > Defendants have indicated on their respective Responses to the Requests for
   > Admissions that the requests are vague and ambiguous, despite the fact that the

7   > terms used therein could not be misinterpreted and Defendants could have
   > earnestly responded.   For example, [Plaintiffs' sole example] on Deming's

8   > responses, pg. 4, he refused to respond to the request on the bases that he did not
   > know what the term "trusted and loyal administrator" and he did not know what

9   > "prior mortgage loans" mean. He outlandishly claims he does not understand what

10  > "personal matters" mean or "loan providers."

11  (Plaintiffs' Motion to Compel, 8:24- 9:1.)  Each of Mr. Deming's responses to Plaintiffs' requests

12  states the basis for any objection.  However, after such a conclusory explanation of the language in

13  Plaintiffs' requests, as set forth above, Mr. Deming is left to his own devices to speculate as to what

14  exactly Plaintiffs are expecting him to admit as a matter of law.  Plaintiffs offer no alternative

15  language to assist Mr. Deming in clarifying the information Plaintiffs seek or in evaluating the

16  sufficiency of Mr. Deming's responses.  Exactly what Plaintiffs' Motion is seeking to compel is still

17  a mystery.

18       With respect to Plaintiffs' single example of purported insufficient response, Mr. Deming

19  cannot admit Request No. 9.  Plaintiffs have obtained many loans throughout the years.  Rather than

20  provide some clarity, Plaintiffs merely presume that Mr. Deming knows exactly which of the many

21  prior loans they are referring to within their Request for Admission. Because Mr. Deming is still

22  unsure of what Plaintiffs are asking him to admit, his denial is appropriate, and Plaintiffs' Motion to

23  Compel should be denied.

24       With respect to Requests for Production of Documents, Plaintiffs' Motion to Compel,

25  Documents is even less informative to Defendants.  Unlike Plaintiffs' extremely limited explanation

26  of Mr. Deming's responses to Requests for Admissions above, Plaintiffs offer no guidance

27  whatsoever as the sufficiency of any of the Defendants' responses to Requests for Production, but

28  simply state that they seek "published interest rates for this time period, communication records,

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

10

documents…. [and in response] Defendants'[sic] produce nothing."  (Plaintiffs' Motion to Compel, 9:3-6.)  Plaintiffs' statement is disingenuous.  Each of Defendants' responses either: (1) directs Plaintiffs to the hundreds of pages of documents previously disclosed by Defendants and which memorialize the terms of the agreement of the parties, or (2) states an objection and the basis of the objection.

Additionally, no less than half of Plaintiffs' Requests for Production seek documents related to their previously dismissed Truth in Lending Act claim which are, therefore, completely irrelevant to the remaining claims.   Furthermore, Plaintiffs have not established a "plausible chain of inferences showing how discovery of the item sought would lead to other admissible evidence." Vardon Golf Co., Inc., v.BBMG Golf Ltd., 156 F.R.D. 641, 651 (N.D. Ill. 2994).

Rather than address the ambiguity or irrelevance of the Requests for Production, and rather than offer guidance that would assist Defendants' evaluation of the need to supplement their responses, Plaintiffs chose to mischaracterize Defendants "marching orders" as a blanket refusal to supplement.  Again, without specific guidance as to Defendants' purportedly deficient responses request, any supplementation by Defendants would be merely speculative on the part of Defendants as to the interpretation of the language of the discovery requests, the nature and relevance of the requests, and the sufficiency of Defendants' responses thereto.  Without knowing how Defendants' responses are purportedly insufficient, Defendants are unable to supplement, especially in the light of the patently unreasonable 24 hour turnaround time demanded by the Plaintiffs.

**4.   Plaintiffs did not exercise diligence throughout the discovery process.**

Plaintiffs' Motion to Compel should be denied because they were not diligent in seeking discovery. Qualls, 22 F.3d at 844.  Plaintiffs have had ample opportunity to seek discovery, evaluate the responses, and to depose Mr. Deming and Ms. Furlow to clarify their discovery responses. However, rather than obtain testimony regarding Defendants' discovery responses, Plaintiffs inexplicably chose instead to vacate depositions, in contravention of their own stipulation and the Court's Order which states "the date by which Plaintiffs *shall* depose Vivian Furlow and Michael Deming is extended to February 12, 2010." (*See*, Docket No. 40, emphasis added.)  By voluntarily vacating Defendants' depositions, Plaintiffs again show a lack of diligence in pursuing their prior

discovery opportunities and prosecuting their case.  Such delays prejudice Defendants, who have complied with the Court's deadlines, and incurred additional legal expenses as a result of Plaintiffs' lack of diligence.  Accordingly, Plaintiffs' Motion to Compel Discovery should be denied.

     **5.**    **<u>Plaintiffs' Motion to Compel does not specify which of Defendants'<br>privacy and confidentiality concerns are defective.</u>**

     Plaintiffs' Motion to Compel should be denied because they have not established how the information they appear to seek in their Requests for Production creates "plausible chain of inferences showing how discovery of the item sought would lead to other admissible evidence." <u>Vardon Golf Co., Inc., v.BBMG Golf Ltd.</u>, 156 F.R.D. 641, 651 (N.D. Ill. 1994).  Plaintiffs' Motion to Compel does not specify which of Defendants' responses are inappropriate.  Again, Plaintiffs rely on generic language regarding the "requested documents and information" without stating expressly which responses are deficient.  Rather than clarifying their requests or showing how their requests are relevant to their remaining fraud and negligence claims, Plaintiffs state that they have "no other way to obtain this information…"  Without clarification as to what "this information" is, Defendants, again, are left to speculate as to what Plaintiffs seek.   Ignoring the hundreds of documents produced by Defendants, Plaintiffs conclude without any factual support or legal authority that Defendants have "flatly refused to produce any requested documents…" and that the documents "[b]y their very nature, these documents are neither privileged nor confidential."  (*See*, Motion to Compel, 10:19-21.)

     Here, the only issue remaining in this case is what Mr. Deming and Ms. Furlow allegedly said to Plaintiffs during the loan origination.  So-called "published rates" (whatever Plaintiffs mean by their use of that expression) are irrelevant to Plaintiffs' claims that Ms. Furlow and Mr. Deming made misrepresentations regarding the Subject Loan or were negligent.  Additionally, Plaintiffs' requests appear to seek information about loans and National City customers and National City competitors which are not subject to this litigation and therefore irrelevant.  Thus, Plaintiffs' requests do not appear to be calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)1).  Accordingly, Defendants' responses and objections based on relevance and privacy are appropriate and Plaintiffs' Motion to Compel should be denied.

**RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND MOTION TO REOPEN DISCOVERY**

1

**B.**   **RESPONSE TO MOTION TO REOPEN DISCOVERY**

2

Plaintiffs are not entitled to reopen discovery because they were not diligent in: (1) seeking a

3

timely extension thereof, (2) pursuing their opportunities during the discovery period, and (3) they

4

have not shown good cause for reopening discovery.

5

**1.**   **Plaintiffs' Request to reopen discovery is not timely.**

6

Plaintiffs' Motion to Reopen Discovery should be denied because the Motion is untimely.

7

Pursuant to Local Rule 26-4, "[a]ll motions or stipulations to extend discovery ***shall*** be received by

8

the court no later than twenty (20) days before the discovery cut-off date or any extension thereof."

9

(LR 26-4, emphasis added.)

10

By stipulation of the parties, and by Order of this Court, the discovery cut-off was January 7,

11

2010. (*See*, Docket No. 34.)  The Court's Order also set December 18, 2009 as the date by which a

12

motion to extend the cut-off must be filed.  (*Id.*)  A "scheduling conference order is not a frivolous

13

piece of paper, idly entered, which can be cavalierly disregarded without peril." <u>Johnson v.</u>

14

<u>Mammoth Recreations, Inc.</u>, 975 F.2d 604, 610 (9th Cir.1992) (Holding that the inquiry is focused

15

on the moving party's reasons for seeking to alter the order.  If the party seeking to alter the order

16

was not diligent, the inquiry ends).

17

In this case, Plaintiffs' Motion to Reopen Discovery was filed on February 26, 2010, more

18

than 60 days after the deadline to request an extension of the discovery cut-off, as required by LR

19

26-4 and as established by stipulation of the parties and as ordered by this Court.  Plaintiffs attempt

20

to justify their Motion by pointing to Defendants purportedly insufficient discovery responses.

21

However, fully informed of the January 7, 2010 discovery cut-off, Plaintiffs voluntarily chose to

22

wait until December 7, 2009 to serve Defendants with written discovery.  Furthermore, Plaintiffs had

23

ample opportunity to move for an extension or request additional discovery extensions prior to the

24

December 18, 2009 deadline to request discovery extensions.  In fact, Defendants have granted each

25

of Plaintiffs' six *timely* requests for various extensions throughout this litigation.  Plaintiffs failed to

26

abide by the Court's Order, inconveniencing this court, and prejudicing Defendants.  Accordingly,

27

Plaintiffs' Motion is untimely and should be denied.

28

///

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1

2

###### 2. Plaintiffs were not diligent during the discovery period and cannot show good cause to reopen discovery.

3

Plaintiffs' Motion should be denied because they were not diligent and cannot show

4

excusable neglect or good cause to obtain relief from the discovery cut-off.  Plaintiffs cannot show

5

diligence in seeking to obtain discovery prior to the discovery cut-off.  Qualls, 22 F.3d 839 at 844.

6

Furthermore, Local Rule 6-1(b) states: "[a] request made after the expiration of the specified period

7

shall not be granted unless the moving party, attorney, or other person demonstrates that the failure

8

to act was the result of excusable neglect." LR 6-1(b).  In addition, a party must demonstrate good

9

cause to be entitled to relief from the discovery cut off.  Fed. R. Civ. P. 16(b)(4); Rosario v.

10

Livaditis, 963 F.2d 1013, 1019 (7th Cir. 1992).

11

In this case, despite multiple prior discovery extensions, Plaintiffs waited until 30 days

12

before the discovery cut-off to propound written discovery upon Defendants.  Plaintiffs did not

13

move for a discovery extension by the deadline set by the Scheduling Order.  Plaintiffs received

14

Defendants' discovery responses on January 7, 2010.  Plaintiffs then held on to the discovery

15

responses for thirty two days, allowing the discovery cut-off to pass, and the dispositive motion

16

deadline to pass.  Only then did Plaintiffs object to the substance of Defendants' responses. Plaintiffs

17

then wait an additional two weeks before they petitioned this Court for relief.    Plaintiffs have not

18

demonstrated excusable neglect or good cause which would allow this Court to reopen discovery.

19

Furthermore, Plaintiffs had an opportunity to depose Ms. Furlow and Mr. Deming yet

20

Plaintiffs chose not to.  In New York Life Ins. Co. v. Morales, the court stated that:

21

> Insofar as it appears plain that Defendant Lopez knew of these witnesses and their
> potential as sources of discoverable information, he could have noticed their
> depositions at any time. The fact that he chose not to do so within the initial or
> supplemental discovery periods shows a lack of reasonable diligence.

22

23

24

New York Life Ins. Co., 2008 WL 2622875 at *3, (S.D. Cal. 2008).

25

In this case, Plaintiffs' lack of diligence is even more egregious.  Plaintiffs knew Ms. Furlow

26

and Mr. Deming were potential sources of information; Plaintiffs noticed their depositions; and then,

27

inexplicably, Plaintiffs vacated their depositions.  Accordingly, Plaintiffs cannot show diligence,

28

reasonable neglect, or good cause to reopen discovery. Plaintiffs' Motion should be denied.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND MOTION TO REOPEN DISCOVERY

### 3. <u>Defendants would be prejudiced by a discovery extension.</u>

Plaintiffs' Motion should be denied because Defendants would be prejudiced by continued delays.  Furthermore, in addition to prejudicing Defendants, reopening discovery is not harmless as it disrupts the both the parties' and the Court's schedule.  <u>Wong v. Regents of the Univ. of Cal.</u>, 410 F.3d 1052, 1062 (9th Cir.2005).

Defendants at every point in this litigation have complied with the scheduling orders of the Court and have been flexible as to Plaintiffs' timely requests for extensions.  While Ms. Furlow is a resident of Las Vegas, Mr. Deming resides in Utah.  Both Defendants have demanding jobs and have had to make sacrifices as a result of this litigation.   At Plaintiffs' timely request, and as a courtesy to Plaintiffs, Ms. Furlow and Mr. Deming agreed to allow their depositions to take place after the January 7, 2010 close of discovery.  Plaintiffs duly noticed the depositions for February 12, 2010.  Both Ms. Furlow and Mr. Deming had to make special arrangements to be available for their depositions.  Mr. Deming also incurred additional costs to travel from Utah.

Despite having received Defendants' discovery responses more than a month in advance, Plaintiffs claimed that they could not take Ms. Furlow's and Mr. Deming's depositions unless Defendants' responses were supplemented by the next day.  On February 11, 2010, the day before the duly noticed and scheduled depositions, Plaintiffs voluntarily vacated the depositions, thereby surrendering their opportunity to ask Ms. Furlow and Mr. Deming about anything they wanted to about this litigation and their purportedly deficient discovery responses.  Rather than exercise diligence, Plaintiffs cancelled the depositions, causing Ms. Furlow and Mr. Deming to alter their arrangements and incur unnecessary expenses.

Needlessly protracting this litigation, by reopening discovery, extending the dispositive motion deadline, after Defendants have complied with each of the prior deadlines is inequitable given Plaintiffs' lack of diligence.  Plaintiffs' have shown nothing but that they are willing to ignore existing and even long passed deadlines, whether established by stipulation or Court Order.  To date, Plaintiffs have not provided a computation of damages as required by Fed. R. Civ. P. 26 (due October 13, 2009); to date, Plaintiffs have not provided an expert report (due November 23, 2009).  Thus, extending deadlines in this case does not ensure that Plaintiffs will comply with them.

**RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND MOTION TO REOPEN DISCOVERY**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1    Plaintiffs state they are entitled to the "full use of the discovery process" (Motion to Compel

2    6:14).   However, Plaintiffs have had the full use of the discovery process, but instead have chosen to

3    ignore the Scheduling Orders, have voluntarily squander their opportunities to depose Ms. Furlow

4    and Mr. Deming, and continue to seek to prolong this litigation, at the continuing expense of and

5    prejudice to the Defendants. Accordingly, Plaintiffs' Motion to Reopen Discovery should be denied.

6    ### IV.    CONCLUSION

7    Plaintiffs have had more than a year to complete discovery and have failed to do so.

8    Plaintiffs have not shown how they diligently pursued their prior opportunities in discovery.

9    Plaintiffs' lack of diligence does not excuse them from complying with the Federal Rules of Civil

10    Procedure, this Court's Scheduling Orders, and their own stipulations.  For the above-mentioned

11    reasons, Defendants respectfully request the Court to deny Plaintiffs' Motion to Compel Discovery

12    Responses, and to deny Plaintiffs' Motion to Reopen Discovery, and for such other further relief as

13    this Court deems just and proper.

14    DATED:   March 12, 2010            WOLFE & WYMAN LLP

15

16                                    By:    /s/ Peter E. Dunkley
17                                        RACHEL E. DONN, ESQ.
                                         Nevada Bar No. 10568
18                                        PETER E. DUNKLEY, ESQ.
                                         Nevada Bar No. 11110
19                                        980 Kelly Johnson Drive, Suite 140
                                         Las Vegas, NV 89119
20                                        Phone (702) 476-0100
                                         Fax (702) 476-0101
21                                        Attorneys for Defendant
                                         **NATIONAL CITY CORPORATION;**
22                                        **NATIONAL CITY MORTGAGE COMPANY;**
                                         **NATIONAL CITY BANK OF INDIANA;**
23                                        **MICHAEL DEMING AND VIVIAN FURLOW**

24

25    H:\Matters\National City Bank (1264)\069 (Oliva)\Pleadings\Response to Motions to Compel and to Reopen Discovery.doc

26

27

28

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**<u>CERTIFICATE OF SERVICE</u>**

1.    On March 12, 2010 I served the RESPONSE TO PLAINTIFFS' MOTION TO COMPEL and MOTION TO REOPEN DISCOVERY by the following means to the persons as listed below:

   _X_   a.    EFC  System (you must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary):

Jason J. Bach, Esq. – e-mail – Jbach@bachlawfirm.com

2.    On _____ I served the _____ by the following means to the persons as listed below:

   __   b. United States Mail, postage fully pre-paid (List persons and addresses.  Attach additional paper if necessary):

By:    /s/ *Katia Ioffe*
       Katia Ioffe
       An employee of Wolfe & Wyman LLP

**RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND MOTION TO REOPEN DISCOVERY**