Rachel E. Donn, Esq.
Nevada Bar No. 10568
Peter E. Dunkley, Esq.
Nevada Bar No. 11110
WOLFE & WYMAN LLP
980 Kelly Johnson Drive, Suite 140
Las Vegas, NV  89119
Tel: (702) 476-0100
Fax: (702) 476-0101

Attorneys for Defendants
**NATIONAL CITY MORTGAGE COMPANY; MICHAEL DEMING; AND VIVIAN FURLOW**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NICHOLAS OLIVA; JOAN OLIVA, individuals,<br><br>        Plaintiffs,<br>   v.<br><br>NATIONAL CITY CORPORATION; NATIONAL CITY MORTGAGE COMPANY; NATIONAL CITY BANK OF INDIANA; MICHAEL DEMING, individually and as an employee/agent of National City; VIVIAN FURLOW, individually and as an employee/agent of National City; and DOES I through XX, inclusive<br><br>        Defendants. | CASE NO.:  2:08-cv-01559-PMP-LRL<br><br>**NATIONAL CITY MORTGAGE COMPANY; MICHAEL DEMING AND VIVIAN FURLOW'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

**COMES NOW**, Defendants National City Mortgage Company; Michael Deming and Vivian Furlow (hereinafter collectively known as "Defendants"), by and through their attorneys, Wolfe & Wyman LLP, and submit their Reply in Support of their Motion for Summary Judgment and in response to Plaintiffs, Nicholas Oliva and Joan Oliva's (hereinafter "Plaintiffs"), Opposition to Defendants' Motion for Summary Judgment (hereinafter "Opposition").

///

///

1

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

DATED: April 1, 2010                WOLFE & WYMAN LLP

By: */s/ Peter E. Dunkley*
RACHEL E. DONN, ESQ.
Nevada Bar No. 10568
PETER E. DUNKLEY, ESQ.
Nevada Bar No. 11110
980 Kelly Johnson Drive, Suite 140
Las Vegas, NV 89119
Phone (702) 476-0100
Fax (702) 476-0101
Attorneys for Defendants
**NATIONAL CITY MORTGAGE COMPANY;
MICHAEL DEMING AND VIVIAN FURLOW**

H:\Matters\National City Bank (1264)\069 (Oliva)\Pleadings\Reply in Support of Motion for Summary Judgment.doc



WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

# REPLY POINTS AND AUTHORITIES

## I.   INTRODUCTION

Even accepting all facts alleged by Plaintiffs as true, the single material fact, which is supported by uncontroverted evidence, is the amount of diligence performed by Plaintiffs to discover the purported fraud: <u>none</u>.  Accordingly, Plaintiffs' claims are time-barred and there is no genuine issue of material fact to present to a fact finder.  Defendants' Motion for Summary Judgment should be granted.

## II.   RESPONSES TO PLAINTIFFS' ARGUMENTS

Plaintiffs' Opposition establishes no new facts or authority which create a genuine issue of material fact for the jury to consider.  As set forth below, Defendants are entitled to Summary Judgment.

### A.   **The Motion for Summary Judgment is not Premature; Plaintiffs are not entitled to Fed. R. Civ. P. 56(f) relief.**

Defendants' Motion for Summary Judgment is not premature.  Plaintiffs' claim that Defendants' Motion is premature under Fed. R. Civ. P. 56(f).  However, Pursuant to Fed. R. Civ. P. 56(b), a "Defending Party…may move at any time…for summary judgment..." Fed. R. Civ. P. 56(b).

Furthermore, the Motion for Summary Judgment is not premature because discovery has already closed.  Plaintiffs filed this case on August 22, 2008. The first discovery scheduling Order was entered on January 5, 2009.  (*See*, Docket No. 16.)  After various extensions, discovery closed on January 7, 2010. (*See*, Docket No. 34.)  The dispositive motion deadline was February 8, 2010 (Id.).  Defendants filed the Motion for Summary Judgment on February 8, 2010, well after the close of discovery.

Plaintiffs are not entitled to Fed. R. Civ. P. 56(f) relief.  More discovery will not enable Plaintiffs to "discover" additional diligence with which to toll the Statute of Limitations on their claims.  Rule 56(f) relief requires Plaintiffs to show, by affidavit: (1) a description of the additional facts sought; (2) that the facts sought exist; and (3) the facts sought are essential to oppose summary judgment.  <u>Family Home and Finance Center, Inc. v. Federal Home Loan</u>

1   Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008)(*citing* Cal on behalf of Cal. Dep't of Toxic
2   Substances Control v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998)).   Failure to comply with the
3   above requirements "is a proper ground for denying discovery and proceeding to summary
4   judgment." Campbell, at 779. (quoting Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439,
5   1443 (9th Cir.1986)).  Other courts require an explanation as to why the requested discovery was
6   not completed earlier.  Rivera-Torres v. Rey-Hernandez, 502, F.3d 7, 10 (1st Cir. 2007).

7        Here, Plaintiffs argue that Defendants "refus[al] to answer" (Opposition 8:20) discovery
8   is a basis to deny summary judgment pursuant to Fed. R. Civ. P. 56(f).   However, Plaintiffs'
9   request for relief pursuant to Fed. R. Civ. P. 56(f) does not include an affidavit satisfying the
10  above mentioned requirements.  Furthermore, none of Plaintiffs' discovery requests mentioned
11  in their Opposition regard the amount of diligence Plaintiffs exercised to discover the alleged
12  fraud.   Additionally, none of the Defendants in this action have knowledge, direct or otherwise,
13  as to Plaintiffs' diligence or lack thereof.  As such, no amount of additional discovery would
14  produce evidence that would preclude summary judgment.

15       Because discovery has already closed and Plaintiffs have not provided the required
16  affidavit setting forth the reasons why they are entitled to relief, Plaintiffs' request for Fed. R.
17  Civ. P. 56(f) relief should be denied.

18       **B.**    **Plaintiffs' Fraud and Negligence Claims are Time-Barred**.

19       Plaintiffs' claims are time-barred because Plaintiffs admit they did nothing between May
20  of 2005 when they executed the Subject Loan documents, and May of 2008 when they allegedly
21  "discovered" the alleged fraud when they received notification that their monthly payment would
22  decrease.

23       When Plaintiffs discovered or should have discovered the alleged fraud may be decided
24  as a matter of law when uncontroverted evidence proves that plaintiff discovered or should have
25  discovered the alleged fraud.  Nevada Power Co. v. Monsanto Co., 955 F.2d 1304 (9th Cir.
26  1992). Each case relied on by Plaintiffs requires the Plaintiffs to *exercise diligence*.  In Sierra
27  Diesel Injection Serv. v. Burroughs Corp., 651 F.Supp. 1371 (D. Nev. 1987) the court based its
28  holding on the Nevada Supreme Court case Millspaugh v. Millspaugh, 96 Nev. 446 (1980).

1  Millspaugh states that the pertinent question "is whether [plaintiffs] should have learned,
2  *through the exercise of proper diligence*, of the fraud…" Id., at 448 (emphasis added).
3  Likewise, in General Bedding Corp. v. Echevarria, 947 F.2d 1395 (9th Cir. 1991), the
4  statute of limitations begins "when the plaintiff[s] discovered or could have discovered the fraud
5  *with the exercise of reasonable diligence*." Id., at 1397, n.2.  *See also*, SEC v. Seaboard Corp.,
6  677 F.2d 1301 (9th Cir. 1982)("…the federal rule that the period commences when the plaintiff
7  discovered or could have discovered the fraud with the *exercise of reasonable diligence* is
8  similar if not identical to state law.")(Emphasis added.)  Each case cited by Plaintiffs requires the
9  exercise of diligence.
10  Here, there are no factual issues as to Plaintiffs' diligence to discover the alleged fraud.
11  Plaintiffs admit they did nothing:

> Q.  Please state in detail all efforts taken by you after May 26,
> 2005 to ensure that Defendants did in fact alter the documents
> as allegedly promised in paragraph 21 of the FAC.
> A.  "…Plaintiffs did not follow up with the modification of the
> documents…"

(Plaintiffs' Interrogatory Responses, p. 12:16, previously attached to Defendants' Motion for
Summary Judgment as Exhibits C and D.)

Furthermore, there are no factual issues as to Plaintiffs' actual notice of the alleged fraud.
Plaintiffs do not dispute that they received copies of the final loan documents from the title
company after May 26, 2005.  Plaintiffs do not dispute that the copies of the final loan
documents they received from the title company were unaltered from the time of execution.
Plaintiffs merely conclude that they "could not have discovered the…fraud at closing…"
(Opposition, 21:18-19.)  Such an unsupported conclusory statement is insufficient to defeat
summary judgment.  Fed. R. Civ. P. 56(e).

Plaintiffs state that the sum total of their alleged diligence is stated in Nicholas Oliva's
affidavit. (Opposition, p. 23:27 through p. 24:2.)  However, Mr. Oliva's affidavit, while referring
to prior alleged lies by Defendants, and stating that Plaintiffs signed the loan documents under
duress, does not include a single example of diligence between May of 2005 and May of 2008.

5
**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1  (Plaintiffs' Exhibit 1.)

2  Accordingly, because Plaintiffs did absolutely nothing that could be construed as
3  diligence, there is no factual issue for the jury to consider as to whether the statute of limitations
4  should be tolled.  Plaintiffs' claims are time-barred. Defendants are thus entitled to summary
5  judgment.

### C. The Opposition Alleges Facts which are not Genuinely at Issue.

Many of Plaintiffs' factual allegations are not genuine.  Plaintiffs' Opposition attempts to create issues of fact by alleging purported "facts" and by mischaracterizing other purported facts. Perhaps the Nevada Supreme Court said it best:

> The word 'genuine' has moral overtones. We do not take it to mean a fabricated issue. Though aware that the summary judgment procedure is not available to test and resolve the credibility of opposing witnesses to a fact issue we hold that it may appropriately be invoked to defeat a lie from the mouth of a party against whom the judgment is sought, when that lie is claimed to be the source of a 'genuine' issue of fact for trial.

Aldabe v. Adams, 81 Nev. 280, 285, 402 P.2d 34, 37 (1965), overruled on other grounds.  A genuine issue exists where a rational fact finder could find in favor of the nonmoving party. Scott v. Harris, 127 S.Ct. 1769 (2007).  Evidence that is only "colorable" or insufficiently probative will not defeat summary judgment. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986).

Here, Plaintiffs' recitation of purported facts is disingenuous as partially set forth in the chart below:

| PURPORTED FACT | CONTRADICTION |
| --- | --- |
| Plaintiffs "exercised due diligence…" to discover the alleged fraud.  Opposition 23:27. | Plaintiffs admit they did nothing:<br>Q.     Please state in detail all efforts taken by you after May 26, 2005 to ensure that Defendants did in fact alter the documents as allegedly promised in paragraph 21 of the FAC.<br>A.     "…Plaintiffs did not follow up with the modification of the documents…"<br>Plaintiffs' Interrogatory Responses, p. 12:16. |

| | |
|---|---|
| The Plaintiffs and Defendants were "extremely close friends." Opposition, 3:17-18.  Affidavit of Nicholas Oliva, Plaintiffs' Exhibit 1, ¶ 14. | Q.  How do you know Vivian Furlow?<br>A.  Only through Michael.  Actually through Michael and through the loans we did through Michael, Vivian did most of the legwork.<br>Q.  Did you socialize with Vivian at all?<br>A.  No.<br>Q.  Do you remember the last time you spoke to her?<br>A.  That would be May -- on or about May 26th, 2005.  Opposition, Exhibit 2, p. 26:16-25. |
| Plaintiffs sent a "rescission letter" pursuant to TILA.  Opposition 4: 9-10.  Affidavit of Nicholas Oliva, Plaintiffs' Exhibit 1, ¶ 21. | The purported rescission letter does not request rescission, does not include the word "rescission" nor does it reference the Truth in Lending Act.  Opposition, Exhibit 18. |
| Plaintiffs would not have signed any documents if they had "seen a balloon payment after three years."  Opposition, 3:23-24. Affidavit of Nicholas Oliva, Plaintiffs' Exhibit 1, ¶ 16. | Plaintiffs acknowledge executing multiple documents at on May 9, 2008, and again on May 26, 2009, which clearly indicate that the loan was a three year ARM that did not include a balloon payment.  Opposition, 3:17-20.  Affidavit of Nicholas Oliva, Plaintiffs' Exhibit 1, ¶¶ 11, 14, 18, 19. |

Accordingly, with respect to the above mentioned facts, which include the amount of diligence exercised by Plaintiffs between May of 2005 and May of 2008, there are no genuine issues.  Therefore, Defendants are entitled to Summary Judgment.

**D.    Facts alleged by Plaintiffs regarding Craig Boyce are inadmissible.** [1]

Defendants are entitled to Summary Judgment because many of the facts alleged are inadmissible and therefore insufficient to meet to their burden to defeat summary judgment.  Affidavits must be made based on personal knowledge.  Fed. R. Civ. P. 56(e).  See, Shakur v. Schriro, 514 F.2d 878, 890 (9th Cir. 2008).  Information based only on an affiant's beliefs do not comply with Fed. R. Civ. P. 56(e).  Automatic Radio Mfg. Co. v. Hazeltine Research, 70 S. Ct. 894, 896 (1950).

---

[1] Defendants also have Motions in Limine pending before this Court which address evidence relating to the speculative and inadmissible testimony regarding Mr. Boyce.  See, Motion in Limine No. 4, Docket No. 43.

Here, Plaintiffs list purported "facts in support of their claims." (*See*, Opposition, 9:18.) Nicholas Oliva states that he "believes that there may be possibility that Mr. Deming and Ms. Furlow were coerced by a third party, Craig Boyce…" Opposition 12:31; Plaintiffs' Exhibit 1, ¶ 23. Such an alleged fact does not comply with the personal knowledge requirement of Fed. R. Civ. P. 56(e). In addition to being inadmissible, the fact is also immaterial. Substantive law determines which facts are material. Only facts that may affect the outcome of the matter will preclude summary judgment. Anderson, 106 S.Ct., at 2510. Here, such speculation is not determinative of any elements of Plaintiffs' fraud or negligence claims. It is therefore immaterial.

Nicholas Oliva states further that "[Craig] Boyce cut off communication…because Oliva confronted him about [a rumor regarding a] woman and that was Boyce's motivation to convince his friend Michael Deming to defraud the Plaintiffs." Opposition 12:18-20; citing to Mr. Oliva's deposition transcript which states:

> Q. So why do you think he stopped talking to you.
> A. Well it had to do with this situation where the rumor had it that he thought I was saying things behind his back…
> Q. These things he alleged [you said] behind his back relating to his..relationship…?
> A. I don't know…. All I know is that I assumed that this whole thing was in regards to her, but I don't have any facts.

(Deposition of Nicholas Oliva, Plaintiffs' Exhibit 2, p.70:1-22.) These alleged facts are likewise inadmissible as hearsay and not being within the personal knowledge of the witness. Fed. R. Evid. 802; Fed. R. Civ. P. 56(e). Furthermore, this purported fact is immaterial because it is not outcome determinative for Plaintiffs' fraud or negligence claims. Anderson, 106 S.Ct., at 2510.

Plaintiffs further allege that Craig Boyce believed that [non-party] Williams said that Nicholas Oliva made negative comments about the way Mr. Boyce ran the company and that Joan Oliva was planning on filing a sexual harassment lawsuit against the company where Mr. Boyce worked (Opposition, 12: 21-23). Again, these alleged facts are inadmissible as hearsay and are based on a belief rather than being within the personal knowledge of the witness. Fed. R. Evid. 802; Fed. R. Civ. P. 56(e). Furthermore, this purported fact is immaterial because it is not

8
**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1    outcome determinative for Plaintiffs' fraud or negligence claims.  <u>Anderson</u>, 106 S.Ct., at 2510.

2    Plaintiffs improperly attempt to include Craig Boyce's testimony regarding "allegations
3    and rumors" about an alleged affair (Opposition, 12:25-27).  Plaintiffs further include as
4    purported facts that Mr. Boyce "changed his story" during his deposition regarding Mr. Boyce's
5    communication with Plaintiffs.  These purported facts are immaterial because they are not
6    outcome determinative as to Plaintiffs' fraud or negligence claims.  <u>Anderson</u>, 106 S.Ct., at
7    2510.

8    In summary, all of Plaintiffs' purported facts relating to Craig Boyce are inadmissible as
9    speculation or hearsay.  Furthermore, facts are not outcome determinative to Plaintiffs' claims
10   and are therefore immaterial.

11   **E.     Constructive Fraud and Fraud in the Inducement were not alleged in the First Amended Complaint.**

12   Plaintiffs' inappropriately allege constructive fraud and fraud in the inducement for the
13   first time in their Opposition.  Plaintiffs' claims should be stricken and their extemporized
14   request to amend should be denied.  Amending a pleading at this juncture in the litigation
15   requires the written consent of the opposing parties or leave of the court.  Fed. R. Civ. P.
16   15(a)(2).

17   Here, Plaintiffs never alleged constructive fraud or fraud in the inducement in their
18   original complaint or in their First Amended Complaint.  The deadline to amend the complaint
19   was September 9, 2009 (*see*, Docket No. 34).  Therefore, Plaintiffs should not be permitted to
20   add new causes of action at this juncture.  Defendants have not consented to this ad hoc
21   amendment, and Defendants are unaware of any request by the Plaintiffs for leave of the Court to
22   do so.  As such, Plaintiffs' constructive fraud claim should be stricken.

23   Furthermore, Plaintiffs should not be permitted to assert new causes of action for the first
24   time in their Opposition to Defendants' Motion for Summary Judgment.  *See*, <u>Coleman v.
25   Quaker Oats Co.</u>, 232 F.3d 1271, 1292-93 (9th Cir. 2000)(holding that the plaintiff cannot raise a
26   new theory for the first time in opposition to a motion for summary judgment).

27   Should the Court allow Plaintiffs' untimely constructive fraud allegation, Plaintiffs are

1  required to show "a breach of duty arising out of a fiduciary or confidential relationship."
2  <u>Executive Management, Ltd. v. Ticor Title Ins. Co.</u>, 114 Nev. 823, 841, (1998).  As this Court
3  earlier ruled in dismissing Plaintiffs breach of the covenant of good faith and fair dealing claim,
4  and as other Courts have held, there is no special or fiduciary relationship in the borrower-lender
5  context.  <u>Giles v. Gen Motors Acceptance Corp.</u>, 494 F.3d 865, 882 (9th Cir. 2007) (applying
6  Nevada law and recognizing the Supreme Court of Nevada would not recognize, as a matter of
7  law, a fiduciary relationship between borrower and lender).

8      Plaintiffs further failed to establish facts that Defendants owed Plaintiffs a duty.
9  Plaintiffs' reliance on <u>Perry v. Jordan</u>, 111 Nev. 943 (1995), is misguided.  <u>Jordan</u> states that
10 "[w]hen a confidential relationship exists, the person in whom the ***special trust*** is placed ***owes a***
11 ***duty*** to the other party similar to the duty of a fiduciary, requiring the person to act in good faith
12 and with due regard to the interests of the other party," (emphasis added).

13     The facts in <u>Jordan</u> are inapplicable to the facts in this case.  In <u>Jordan</u>, a confidential
14 relationship was found when a well educated business person sold a business to a "friend" who
15 had only an eighth grade education.  In <u>Jordan</u>, the parties' education and experience were vastly
16 disparate.

17     In this case, the parties entered into an arms-length transaction to obtain financing, as
18 they had done so twice before (*see*, Affidavit of Nicholas Oliva, Plaintiffs' Exhibit 1, ¶ 1).
19 Further, both parties had knowledge and experience in real estate transactions (*see*, Opposition
20 2:19-21).  Plaintiffs have not established facts to support the finding of any relationship that
21 creates a duty that will support a constructive fraud claim.  Additionally, the claim is barred by
22 the three year statute of limitations.  Nev. Rev. Stat. § 11.190(3)(d).

23     Allowing Plaintiffs to amend their pleadings to include a fraud in the inducement
24 allegation is likewise futile.  Plaintiffs cite <u>Bishop v. Stewart</u>, 1878 WL 3808 (Nev. 1878) for the
25 principle that fraud in the inducement renders a contract voidable.  However, this Court has
26 already dismissed Plaintiffs' breach of contract claim.  Additionally, <u>Bishop</u> requires, as a
27 condition precedent to voiding the contract, that the accusing party "return and restore to the
28 other party, the whole of the consideration, whether money, goods or securities received by way

1   of consideration for the sale." Bishop, 1878 WL 3808, *11.

2   Here, Plaintiffs make no representations that they are prepared to return the proceeds of
3   the Subject Loan to Defendants.  Further, in order to properly void the contract, the seller of the
4   home, who is not a party in this case, would have to accept the return of the real property.
5   Finally, the claim is barred by the three year statute of limitations for fraud.  Nev. Rev. Stat. §
6   11.190(3)(d).

7   Therefore, allowing Plaintiffs to amend their First Amended Complaint would be futile.
8   Plaintiffs' claims for constructive fraud and fraud in the inducement should be stricken.

9   **F.   Plaintiffs' Negligence Claim fails as a matter of law.** [2]

10  Defendants are entitled to summary judgment on Plaintiffs' negligence claim because, in
11  addition to being time-barred, Defendants owed no duty of care to Plaintiffs.  Plaintiffs
12  erroneously claim that "it is undisputed that defendants owed a duty to Plaintiffs…"  (Opposition
13  26:9.)  However, Plaintiffs' statement is disingenuous.   Every dispositive motion made by
14  Defendants to this Court has included case law which states that.  As argued more fully in
15  Defendants' Motion for Summary Judgment, a lender generally owes no duty of care to a
16  borrower.  See, Yerington Ford, Inc. v. General Motors Acceptance Corp., 359 F.Supp.2d 1075,
17  1092 (D. Nev. 2004)(overruled on other grounds by, Giles v. General Motors Acceptance Corp.,
18  494 F.3d 865 (2007)).; *see also*, Nymark v. Heart Fed. Savs. & Loan, 231 Cal.App. 3d 1089,
19  1096 (1991).  Plaintiffs cannot establish the essential element of duty to support their negligence
20  cause of action.  Therefore, Plaintiffs' negligence claim fails as a matter of law, and Defendants
21  are entitled to summary judgment in their favor.

22  Plaintiffs next mislead this Court by representing that it is "undisputed that Plaintiffs
23  properly plead…their negligence claim."  (Opposition 28:20-21.)   However, again, Defendants
24  offer their negligence analysis in their Motion for Summary Judgment, and all prior motions to
25  dismiss as proof that Defendants disagree with Plaintiffs regarding the sufficiency of the

---

[2] Defendants' Motion for Summary Judgment makes no reference to the Statute or Frauds or Parol Evidence.  Accordingly, Defendants will not address Plaintiffs' arguments in that regard.

negligence claim.

Furthermore, the section of Plaintiffs' First Amended Complaint quoted in Plaintiffs' Opposition (Opposition, 28:7-18, quoting the First Amended Complaint, ¶¶ 57-62), does not even meet the pleading standard required by Fed. R.Civ. P. 8(a)(2), as articulated by the U.S. Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>:

> A Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…. Factual allegations must be enough to raise the right to relief above the speculative level.

127 S. Ct. 1955, 1964 (2007).  Plaintiffs have not created a genuine issue of fact by including in their Opposition a "formulaic recitation of elements" for negligence.  Accordingly, Defendants are entitled to summary judgment.

**G.      Plaintiffs have not alleged physical injuries.**

As stated in Defendants Motion for Summary Judgment, Plaintiffs did not suffer physical injuries and are therefore, not entitled to damages.  Joan Oliva testified as follows:

> Q.    Did you suffer any physical injuries at all related to this suit?
> A.    No, not physically.

(Deposition of Joan Oliva, p. 77:12-14.)  Nicholas Oliva testified similarly:

> Q.    …are you alleging any physical injuries as a result of this loan transaction?
> A.    Physical injuries?
> Q.    Physical injuries.
> A.    No.

(Deposition of Nicholas Oliva, p. 101:20-25.)  Accordingly, Plaintiffs are not entitled to seek damages for any physical injuries.

Further, regarding alleged emotional distress damages, as argued fully in Defendants' Motion for Summary Judgment, Plaintiffs' alleged distress cannot sustain a claim for damages.

> [I]n cases where emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of 'serious emotional distress' causing physical injury or illness must be presented…. Insomnia and general physical or emotional discomfort are insufficient to satisfy the physical impact requirement.

Barmettler v. Reno Air, Inc., 956 P.2d 1382, 1387 (1998).   Here, Plaintiffs' alleged symptoms are insufficient. Accordingly, Plaintiffs' are not entitled to damages for alleged emotional distress.

### H.  **Plaintiffs are not entitled to punitive damages.**

As addresses above and in Defendants' Motion for Summary Judgment, Plaintiffs claims are time-barred or otherwise fatally defective.  As such, Plaintiffs have not established "by clear and convincing evidence that the defendant has been guilty of …fraud…" Nev. Rev. Stat. § 42.005.  Further, because Plaintiffs have not established that they are entitled to compensatory damages, they are not entitled to punitive damages.  Sprouse v. Wentz, 781 P.2d 1136 (1989).  Therefore, Plaintiffs cannot recover punitive damages.

## III.  CONCLUSION

For the above-mentioned reasons, as well as those mentioned in Defendants' Motion for Summary Judgment, Defendants respectfully request the Court grant their Motion for Summary Judgment and for such other further relief as this Court deems just and proper.

DATED:   April 1, 2010                         WOLFE & WYMAN LLP

By:   */s/ Peter E. Dunkley*
RACHEL E. DONN, ESQ.
Nevada Bar No. 10568
PETER E. DUNKLEY, ESQ.
Nevada Bar No. 11110
980 Kelly Johnson Drive, Suite 140
Las Vegas, NV 89119
Phone (702) 476-0100
Fax (702) 476-0101
Attorneys for Defendants
**NATIONAL CITY MORTGAGE COMPANY;
MICHAEL DEMING AND VIVIAN FURLOW**

H:\Matters\National City Bank (1264)\069 (Oliva)\Pleadings\Reply in Support of Motion for Summary Judgment.doc

**CERTIFICATE OF SERVICE**

1.  On April 1, 2010, I served the REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT by the following means to the persons as listed below:

  X   a.   EFC System (you must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary):

Jason J. Bach, Esq.        Jbach@bachlawfirm.com

2.  On _____ I served the _____ by the following means to the persons as listed below:

 \_\_\_  b.   United States Mail, postage fully pre-paid (List persons and addresses. Attach additional paper if necessary):

By: */s/ Katia Ioffe*
Katia Ioffe
An employee of Wolfe & Wyman LLP