**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

NICHOLAS OLIVA and JOAN OLIVA,

Plaintiffs,

v.

NATIONAL CITY CORPORATION, *et al.*,

Defendants.

2:08-cv-01559-PMP-LRL

**O R D E R**

Before the court is defendants' Motion to Strike Plaintiffs' Expert, Ian Hirsch, Pursuant to Fed.R.Civ.P. 37(c)(1) (#37). Plaintiffs filed an Opposition (#39) and defendants filed a Reply (#41). Also before the court is plaintiffs' Motion to Compel Discovery Responses (#48) and Motion to Reopen Discovery (#49). Defendants filed an Opposition (#53) to both motions, and plaintiffs filed a Reply (#57).

**BACKGROUND**

Defendants removed this action for fraud and negligence, among other things, to federal court on November 12, 2008. *See* Pet. (#1). On February 13, 2009, the court granted defendants' Motion to Dismiss (#4), dismissing plaintiffs' fraud and negligence claims without prejudice. Order (#19). Plaintiffs thereafter filed an Amended Complaint (#20) on March 16, 2009. Defendants' Motion to Dismiss the Amended Complaint (#21) was granted in part on May 26, 2009; claims of negligence and fraud survived. *See* Minutes (#25).

Defendants served their initial disclosures on August 20, 2009. Opp'n (#53) at 4. Pursuant to the Scheduling Order (#28), discovery was set to close on December 8, 2009. Because plaintiffs

required additional time to make their initial and their expert disclosures, the parties entered a stipulation to extend certain deadlines, which this court granted on October 5, 2009. Order (#31). Initial disclosures were due by October 13, 2009, expert disclosures were due by October 23, 2009, and discovery cut-off was set for December 8, 2009. *Id.* On October 20, 2009, the parties stipulated to another thirty day extension of deadlines. Pursuant to the court's October 20, 2009 Scheduling Order (#34), discovery cut-off was extended to January 7, 2010 while expert disclosures were due on November 23, 2009. The deadline to disclose rebuttal expert witnesses was December 23, 2009. The deadline to file dispositive motions was set for February 8, 2010.

On November 23, 2009, plaintiffs sent their expert witness disclosure to defendants via facsimile. *See* Exh. B to Mot. (#37). The disclosure is approximately one page in length and provides the name, address, and phone number of the expert, Ian Hirsch ("Hirsch"), followed by three short paragraphs of representations as to where Hirsch works and his expertise to testify as to plaintiffs' damages and as to adjustable mortgage rates. *Id.* at 3. At the end of the page, plaintiffs state that they "reserve the right to supplement this disclosure to include a Curriculum Vitae, an expert witness report, a fee schedule and a list of cases in which Mr. Hirsh has testified." *Id.*

The next day, November 24, 2009, defendants' counsel Peter E. Dunkley ("Dunkley") telephoned plaintiffs' counsel, Jason J. Bach ("Bach"), to discuss the disclosure, which Dunkley found to be insufficient. Mot. (#37) at 3. Dunkley also sent a letter via facsimile asking "to arrange a telephonic Fed. R. Civ. P. 37 conference regarding the insufficiency of the expert disclosure our office received via facsimile on November 23, 2009." Exh. A to Mot. (#37). Dunkley specifically noted that the disclosure was incomplete because it did not include a written report pursuant to Rule 26(a)(2)(B). *Id.* Plaintiffs' counsel did not contact Dunkley, nor did plaintiffs provide the expert's report. On December 2, 2009, Dunkley filed the instant Motion to Strike Plaintiff's Expert (#37).

On December 7, 2009, plaintiffs served their first discovery requests. On December 17, 2009, plaintiffs indicated that they needed more time to conduct two depositions. Pursuant to the court's December 21, 2009 Order on Stipulation (#40), the date by which the plaintiffs were to depose Vivian

Furlow ("Furlow") and Michael Deming ("Deming") was extended to February 12, 2010. Explicit in the Order was that no other discovery deadlines were extended. Order (#40) at 2. Plaintiffs thereafter noticed Furlow and Deming, who resided out of state, for deposition to take place in Las Vegas on February 12, 2010.

Defendants timely provided their responses to plaintiffs' discovery requests on January 7, 2010, which was also the discovery cut-off date. On the morning of February 8, 2010, the deadline for dispositive motions, defendants filed Motions in Limine (#43), a Motion to Dismiss (#44), and a Motion for Summary Judgment (#45). That afternoon, Bach sent an email to Dunkley requesting that he supplement defendants' discovery responses by close of business the next day so that Bach could prepare for the February 12, 2010 depositions of Deming and Furlow. Exh. 10 to Mot. (##48, 49). Dunkley responded by letter that afternoon, wherein he maintained that the request to supplement was untimely and further, that absent any guidance as to what plaintiffs found insufficient in the responses, defendants could not remedy any alleged insufficiency. Exh. B to Opp'n (#53). Dunkley proposed that Bach send an itemized list of specific objections to specific discovery responses for defendants' review. *Id.* Bach responded with a letter the following day, asserting that "all of the responses are deficient," and specifically rejected as "outlandish" defendants' objections to some terms in the Requests for Admissions as vague and ambiguous.[1] Exh. 11 to Mot. (##48, 49). Defendants stood by their objections, which included objections to several requests as no longer relevant pursuant to the dismissal of several of plaintiffs' claims.

On February 11, 2010, Dunkley and Bach held a telephonic conference to discuss the discovery issues. Although Bach attempted to work out an unspecified compromise to "provide Plaintiffs with some basic information, and would allow the depositions of Deming and Furlow to take place as scheduled," Dunkley refused to supplement the discovery further, stating "I have my marching orders." Bach Aff., Exh. 12 to Mot. (##48, 49). Bach canceled the depositions of Deming and Furlow. Two

[1] Bach specifically took issue with defendants' purported confusion as to terms such as, "personal matters," "loan providers," and "trusted and loyal administrator." Exh. 11 to Mot. (##48, 49) at 3.

weeks later, on February 26, 2010, plaintiffs filed the instant Motion to Compel (#48) and Motion to Reopen Discovery (#49).

## DISCUSSION

### A. Motion to Strike Plaintiffs' Expert (#37)

Defendants filed the Motion to Strike Plaintiff's Expert (#37) pursuant to Rule 37(c)(1) on grounds that plaintiffs' Rule 26(a)(2) disclosure is untimely to the extent that the expert disclosure still does not include the expert's report. Defendants further represent that without the report, they were unable to properly evaluate plaintiffs' expert to determine whether to retain a rebuttal expert witness by the December 23, 2009 deadline. Mot. (#37) at 3. Plaintiffs maintain that to avoid sanctions, the text of Rule 37(c)(1) requires only that a party identify an expert witness. Opp'n (#39) at 5. Moreover, plaintiffs argue, their disclosure is not untimely, because Rule 26(e) permits a party to supplement an incomplete disclosure up to thirty days before trial. Opp'n (#39) at 8. As of December 28, 2009, the date that defendants filed their Reply (#41), plaintiffs had not yet provided a report from their expert.

Unless otherwise ordered by the court, an expert witness disclosure *must be accompanied by a written report*. Rule 26(a)(2)(B). The rule is explicit as to what the expert's report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous ten years; (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. *Id.* Pursuant to Rule 37(c)(1), a party that, without substantial justification, fails to provide information or identify a witness as required by Rule 26(a) may not use testimony from that witness or the undisclosed information as evidence at trial, at a hearing, or in connection with a motion, unless the failure to disclose was harmless.

Plaintiffs argue that all that is required by Rule 26(a)(2) is that they identity their expert witness, and they read Rule 26(e), requiring a party to supplement an expert's report, to allow them a wide latitude to provide the written report – up to thirty days before trial. Plaintiffs' position is untenable. Rule 26(e)(2) states, "For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition." As defendants point out, unless a party actually has provided a report there is simply nothing to supplement. Moreover, plaintiffs' "supplement" is the very information which Rule 26(a)(2)(B) explicitly states should be in the written report which *must* accompany an expert disclosure. Inasmuch as plaintiffs failed to provide the required written report with their disclosure, the disclosure is incomplete. *See Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 569 (5th Cir. 1996) (Rule 26(a) requires initial expert disclosure to be complete and detailed, and the purpose of a supplemental expert report is to supplement - not to extend the expert disclosure deadline).

Since plaintiffs have failed to provide the report of Hirsch within the deadlines set by the court, they should be precluded from calling Hirsch as a witness at trial unless they can demonstrate that such failure was "harmless" or "substantially justified." Rule 37(c)(1). Defendants represent that, without the report, they were unable to adequately prepare to depose Hirsch and also could not evaluate whether to retain an expert rebuttal witness. Plaintiffs maintain that defendants have not been harmed at all, insofar as defendants simply could have deposed Hirsch instead of "[sitting] on their laurels." Opp'n (#39) at 10. Plaintiffs' assertion not only fails to shield plaintiffs from their own lack of diligence in providing a report, but highlights the very purpose behind Rule 26(a)(2)(B)'s requirement of a written report: to correct a deficiency in the former rule which "rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness." Rule 26 advisory committee's note (1993). Moreover, plaintiffs' contention that "Defendants have miserably failed to show any harm by a delay in the Supplement" is misplaced; "the burden is on the party facing sanctions to prove harmlessness." *Yeti by Molly Ltd.*

*v. Deckers Outdoor Corporation*, 259 F.3d 1101, 1107 (9th Cir. 2001). Plaintiffs have not met that burden.

Finally, plaintiffs provide no explanation to "substantially justify" their failure to provide the written report. Instead,"Plaintiffs requests [Sic.] an additional thirty (30) days to provide a narrative report to Defendants." Opp'n (#39) at 10. In other words, without adequate explanation, plaintiffs urge the court to allow them to complete expert disclosures some 55 days *after* disclosures were due and almost one month after the deadline to name rebuttal experts. The court will not grant plaintiffs' request. Defendants' Motion to Strike Plaintiff's Expert (#37) shall be granted.

**B. Motion to Compel Discovery Responses (#48)**

Through their Motion to Compel (#48), plaintiffs seek an order to "compel defendants to adequately respond" to plaintiffs' discovery requests. The court will not consider a discovery motion unless moving counsel has demonstrated under oath counsel's good faith and adequate efforts to first resolve the discovery dispute without court intervention. *See* LR 26-7(b). Plaintiffs sent two letters and engaged in one phone conversation with defendants about the discovery at issue before filing the Motion to Compel (#48). It does not appear from the record made, however, that the parties meaningfully discussed *each* contested discovery dispute in a genuine effort to avoid judicial intervention. *See Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118 (D. Nev. 1993).

Moreover, although the rules do not provide a deadline by which to file a motion to compel, the court notes that plaintiffs failed to file theirs until nearly two months after the close of discovery. While courts will consider motions related to discovery filed outside of the discovery period, especially where the time of filing of the motion is attributable to attempted settlement of the discovery dispute, *see, e.g., Lurie v. Mid-Atlantic Permanente Med. Group, P.C.*, 262 F.R.D. 29, 31 (D.D.C. 2009) (finding the time of filing attributable to the parties' failure to settle the discovery dispute within the discovery period, and thus timely); *but see Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) (noting that motion to compel filed within discovery period would rarely be considered untimely, and ruling that motion to compel filed 136 days after defendant's

initial responses, and after close of discovery, was untimely), plaintiffs here merely complain that defendants did not provide responses to the requests until the day discovery closed. Notably, however, despite several extensions of time to complete discovery, plaintiffs waited until one month before the close of discovery to serve defendants with requests. Defendants timely responded thirty days later, *see* Rule 29, which date corresponded with the close of discovery, January 7, 2010. Even so, plaintiffs waited an additional month before even addressing the discovery responses with defendants and another two weeks to file the Motion (#48). Finally, to grant plaintiffs' motion filed both after the close of discovery and after the deadline to file dispositive motions would require the court to modify its scheduling order; plaintiffs have not shown good cause to do so. *See* Rule 16. Plaintiffs' Motion to Compel (#48) shall be denied.

**C. Motion to Reopen Discovery (#49)**

Finally, plaintiffs fail to show good cause to grant their Motion to Reopen Discovery (#49) in this case, *see* Rule 16, or excusable neglect for the untimely filing of the motion. *See* LR 26-4; LR 6-1(b). Discovery closed on January 7, 2010. Plaintiffs served their discovery requests on December 7, 2009, and received responses on January 7, 2010. Although the February 12, 2010 depositions of Deming and Furlow had been scheduled since December 21, 2009, plaintiffs waited until February 8, 2010 to review the responses. That the responses were allegedly insufficient and that Bach was out of town do not explain plaintiffs' failure to adhere to the deadlines in this case.

Accordingly, and for good cause shown,

IT IS ORDERED that defendants' Motion to Strike Plaintiffs' Expert, Ian Hirsch, Pursuant to Fed.R.Civ.P. 37(c)(1) (#37) is GRANTED.

IT IS FURTHER ORDERED that plaintiffs' Motion to Compel Discovery Responses (#48) is DENIED.

. . .

. . .

. . .

IT IS FURTHER ORDERED that plaintiffs' Motion to Reopen Discovery (#49) is DENIED.

DATED this 12th day of May, 2010.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**