1

**Rachel E. Donn, Esq.**
**Nevada Bar No. 10568**

2

**Peter E. Dunkley, Esq.**
**Nevada Bar No. 11110**

3

**WOLFE & WYMAN LLP**
**980 Kelly Johnson Drive, Suite 140**

4

**Las Vegas, NV 89119**
**Tel: (702) 476-0100**

5

**Fax: (702) 476-0101**
pedunkley@wolfewyman.com

6

7

**Attorneys for Defendants**
**NATIONAL CITY MORTGAGE**
**COMPANY; MICHAEL DEMING; AND**

8

**VIVIAN FURLOW**

9

**UNITED STATES DISTRICT COURT**

10

**DISTRICT OF NEVADA**

11

12

NICHOLAS OLIVA; JOAN OLIVA, individuals,

CASE NO.: 2:08-cv-01559-PMP-LRL

13

Plaintiffs,

14

v.

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFFS' REQUEST FOR REVIEW**
**OF MAGISTRATE'S ORDER**

15

NATIONAL CITY CORPORATION; NATIONAL
CITY MORTGAGE COMPANY; NATIONAL
CITY BANK OF INDIANA; MICHAEL

16

DEMING, individually and as an employee/agent
of National City; VIVIAN FURLOW, individually

17

and as an employee/agent of National City; and
DOES I through XX, inclusive

18

19

Defendants.

20

21

        **COMES NOW**, Defendants, National City Mortgage Company, Michael Deming, and

22

Vivian Furlow (hereinafter collectively "Defendants"), by and through counsel, Wolfe & Wyman

23

LLP, and hereby Oppose Nicholas Oliva and Joan Oliva's (hereinafter "Plaintiffs") Request for

24

Review of Magistrate's Order Granting Defendants Motion to Strike Expert; Denying Plaintiffs'

25

Motion to Compel and to Reopen Discovery, (hereinafter "Plaintiffs' Motions").

26

///

27

///

28

///

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

1    This Opposition is made pursuant to Fed. R. Civ. P. 72 and Local Rule IB 3-1 and is based

2    upon the documents and pleadings on file herein, the points and authorities which follow and all

3    exhibits attached hereto, and any oral argument the Court may allow.

4    DATED:  June 2, 2010                    WOLFE & WYMAN LLP

5

6

7    By:/s/ *Peter E. Dunkley*
        RACHEL E. DONN, ESQ.
        Nevada Bar No. 10568
8        PETER E. DUNKLEY, ESQ.
        Nevada Bar No. 11110
9        980 Kelly Johnson Drive, Suite 140
        Las Vegas, NV 89119
10       Phone (702) 476-0100
        Fax (702) 476-0101
11       Attorneys for Defendants
        **NATIONAL CITY MORTGAGE COMPANY;**
12       **MICHAEL DEMING AND VIVIAN FURLOW**

H:\Matters\National City Bank (1264)\069 (Oliva)\Pleadings\Opposition to Request for Review of Magistrate's Order.doc

13

14    ///

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs attempt to shift the blame from themselves to the Defendants, for Plaintiffs lack of diligence and Plaintiffs' failure to comply with the Federal Rules of Civil Procedure, this Court's Scheduling Order, and the Stipulations of the parties.  Plaintiffs' lack of diligence can encapsulated in the following three facts: (1) Plaintiffs have *still* not provided an expert report; (2) Plaintiffs have *still* not set forth how Defendants' discovery responses were inadequate; and (3) Plaintiffs have still not established a clear error or stated a law contrary to the Magistrate Judge's Order.  In fact, Plaintiffs' Request for Review ("Plaintiff's Request") fails to cite to a single case in support of their position.[1]  Accordingly, Defendants request that the Court affirm the Magistrate's Order, in its entirety.

## II.    FACTS AND PROCEDURAL HISTORY

Defendants hereby incorporate by reference their Opposition to Plaintiffs' Motion to Compel Discovery, and the Exhibits thereto (Docket No. 53), a complete copy of which is annexed hereto as Exhibit "A".

In May of 2005, Plaintiffs obtained a loan for $680,000.00 ("Subject Loan") to purchase real property.  To obtain the Subject Loan, Plaintiffs executed voluminous documents including, but not limited to, a Uniform Residential Loan Application, a Promissory Note, and a Deed of Trust, each of which indicate that the Subject Loan is a 3 year adjustable rate mortgage ("ARM").

More than three years later, Plaintiffs filed their Complaint on August 22, 2008 which Defendants removed to Federal Court on November 12, 2008. (Docket No. 1.)  Despite the voluminous loan documentation to the contrary, the Complaint alleged, among other things, that Defendants Vivian Furlow and Michael Deming had represented to Plaintiffs that the Subject Loan was to be a 7 year ARM.  On November 19, 2008, Defendants filed a Motion to Dismiss; a response was due by December 7, 2008.  (Docket No. 4.)  On December 1, 2008, Plaintiffs requested, and

---

[1] Plaintiffs' cite to <u>Banks v. Office of Senate Sergeant-at-Arms</u>, 222 F.R.D. 7, 15 (D.C.C. 2004) is inapplicable as the case does not discuss proper *expert* witness disclosure or the sufficiency of experts' reports or the lack thereof.

**OPPOSITION TO REQUEST FOR REVIEW OF MAGISTRATE'S ORDER**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1   Defendants granted, an additional two weeks to file a response to Defendants' Motion to Dismiss.

2   (Docket No. 8.)  The first Scheduling Order was entered on January 5, 2009, which set the close of

3   discovery for June 12, 2009. (Docket No. 16.)

4          The Court thereafter granted Defendants' Motion to Dismiss, however, Plaintiffs' fraud and

5   negligence claims were dismissed without prejudice. (Docket No. 19.)  Plaintiffs filed an Amended

6   Complaint, which initiated a second round of motion practice.  On May 26, 2009, this Court

7   dismissed all claims against Defendants except: (1) negligence, and (2) fraud. (Court's Order,

8   Docket No. 25.)   After the Court's ruling, to account for the Amended Complaint and second

9   Motion to Dismiss, the parties stipulated to extend the discovery deadlines a first time.  The second

10  Scheduling Order was entered on July 27, 2009, which set the close of discovery for December 8,

11  2009.  (Docket No. 28.)  Defendants served their initial disclosures on August 20, 2009.

12         Pursuant to the second Scheduling Order, Expert Disclosures were due by October 9, 2009.

13  However, Plaintiffs had not yet served their initial disclosures required by Fed. R. Civ. P. 26(a)(1),

14  and Plaintiffs requested additional time to respond to Defendants' discovery requests. Defendants

15  granted an additional two weeks for Plaintiffs to respond, and further stipulated that Plaintiffs

16  already tardy initial disclosures would be due by October 13, 2009.  (Docket No. 31.)  Plaintiffs

17  provided initial disclosures on October 15, 2009, which did not include a computation of each

18  category of damages as required by Fed. R. Civ. P. 26(a)(1)(A)(iii).  To date, Plaintiffs have failed to

19  provide complete initial disclosures which include a computation of damages.  (*See*, pending Motion

20  to Dismiss, Docket No. 44.)

21         Plaintiffs were unable to meet the other deadlines.  On October 20, 2009, the parties

22  stipulated to extend discovery an additional 30 days.  (Docket No. 34).  Pursuant to the third

23  Scheduling Order, discovery would now close January 7, 2010; the deadline to request a discovery

24  extension was December 18, 2009; the deadline to disclose experts was November 23, 2009 (to date,

25  Plaintiffs have not provided an expert report as required by Fed. R. Civ. P. 26(a)(2)(B), *see*, pending

26  Motion to Strike Expert, Docket No. 37); the deadline to file dispositive motions was February 8,

27  2010.

28         More than a year after filing their original complaint, and a mere 30 days before the twice

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

4

extended close of discovery, Plaintiffs served Defendants with discovery requests on December 7, 2009.  Defendants timely responded to all of Plaintiffs' discovery requests.

On December 17, 2009, Plaintiffs indicated that they would not be able to conduct the depositions of Vivian Furlow and Michael Deming before the close of discovery.   On December 18, 2009, in good faith, Defendants agreed to allow their depositions to take place after the January 7, 2010 close of discovery (*see*, Docket No. 40).  The Stipulation states: "the parties agree that good cause exists for an extension of time, limited only to the depositions of Vivian Furlow and Michael Deming, and *no other discovery deadlines*." (*Id.*, emphasis added.) The Court's Order expressly states, "the date by which Plaintiffs *shall* depose Vivian Furlow and Michael Deming is extended to February 12, 2010." (*Id.*, emphasis added.)  Plaintiffs properly noticed Vivian Furlow's and Michael Deming's depositions to take place on February 12, 2010.   Accordingly, Michael Deming, who resides out of state, made special arrangements to travel to Nevada for his deposition, at his own expense.

On the morning of February 8, 2010, pursuant to the Dispositive Motion Deadline to which the parties had previously stipulated (Docket Nos. 33 and 34), Defendants filed Motions in Limine (Docket No. 43), a Motion to Dismiss (Docket No. 44), and a Motion for Summary Judgment (Docket No. 45).

On the afternoon of February 8, 2010, more than a month *after* receiving Defendants' timely discovery responses, more than a month after the close of discovery, more than six weeks after the deadline to request a discovery extension, and more than a year after the first Scheduling Order was entered (Docket No. 16), Plaintiffs indicated that they would not be able to take the depositions of Vivian Furlow and Michael Deming unless Defendants' discovery responses were supplemented "by the close of business tomorrow [February 9, 2010]."  (*See*, e-mail from Jason Bach, attached as Exhibit A of Defendants' Response to Motion to Compel (Docket 53-1).)  Plaintiffs' supplementation demand did not include any description of how any of the specific responses were allegedly deficient.  Notwithstanding, Plaintiffs gave each of the three Defendants just over 27 hours to review, evaluate, speculate as to the deficiencies, supplement, and return discovery responses to Plaintiffs.  (*Id.*)

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1    The very same afternoon of February 8, 2010, Defendants responded to Plaintiffs' demand

2    by: (1) pointing out the untimeliness of the demand to supplement, (2) pointing out the lack of

3    clarification as to specific responses that are allegedly deficient so that we may review, evaluate and

4    advise our clients accordingly, and (3) giving a commitment that Defendants would evaluate the

5    need to supplement *if* Plaintiffs would provide guidance as to the specific insufficient responses.

6    (Letter from Peter Dunkley to Jason Bach attached hereto as Exhibit B of Defendants Response to

7    Motion to Compel (Docket 53-2).)

8    Also on February 8, 2010, and despite their own twenty-four hour supplement deadline,

9    Plaintiffs requested yet more deadline extensions, specifically, to respond to Defendants' Motions in

10   Limine, Motion to Dismiss, and Motion for Summary Judgment, filed on February 8, 2010.  In good

11   faith, Defendants agreed to a two week extension for Plaintiffs' responses. (Docket No. 47.)

12   On February 9, 2010, rather than provide information regarding specific responses, Plaintiffs

13   replied that "all of the responses are deficient."  (Letter from Jason Bach, at ¶ 1:2-3, attached hereto

14   as Exhibit C to Defendants Response to Motion to Compel (Docket 53-3).)  Plaintiffs do, however,

15   provide one specific example of an alleged deficient response, to which Defendants still contend, is

16   objectionable for the reasons stated in their responses.  (*Id.* at 2, ¶ 3.)   Nevertheless, and without

17   providing any additional clarification regarding the alleged insufficiencies of "more than 100" other

18   responses, Plaintiffs granted Defendants twenty four more hours to supplement. (*Id.* at 2 ¶ 6.)

19   On February 11, 2010, Defendants pointed out that Plaintiffs could seek additional

20   information regarding Vivian Furlow's and Michael Deming's discovery responses at their

21   respective depositions.  (E-mail from Peter Dunkley to Jason Bach, attached hereto as Exhibit D to

22   Response to Motion to Compel (Docket 53-4).)

23   On February 11, 2010, the parties conducted a telephonic conference to attempt to resolve the

24   dispute.  (Affidavit of Jason J. Bach, Exhibit 12 of Motion to Compel.)  Despite the conference, the

25   parties continue to disagree as to the relevance, ambiguity, and meaning of Plaintiffs' discovery

26   requests, and the sufficiency of Defendants' responses.

27   On February 11, 2010, ignoring the prior stipulation of the parties and Scheduling Order of

28   the Court which states that "no other discovery deadlines" will be extended, and that February 12,

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

6

1  2010 is the date "by which Plaintiffs shall depose" Defendants, Plaintiffs voluntarily chose to vacate

2  Vivian Furlow's and Michael Deming's depositions.

3       Rather that immediately petition the court for relief from the Court's Scheduling Order by

4  which discovery had closed on January 7, 2010, Plaintiffs waited an additional two weeks and filed

5  Motions to Compel Discovery Responses and Reopen Discovery on February 26, 2010, which is

6  fifty (50) days after the close of discovery. (*See,* Docket Nos. 48, 49).

7       On March 3, 2010, Plaintiffs requested a second extension of time to respond to Defendants'

8  Motions in Limine, Motion to Dismiss, and Motion for Summary Judgment.

9       On March 8, 2010, Defendants, again in good faith, agreed to stipulate to an additional week

10  to respond to Defendants' Motions in Limine, Motion to Dismiss, and Motion for Summary

11  Judgment (Docket No. 50).  With this most recent extension, the total number of extensions granted

12  by Defendants is six.  In each case where an extension was granted, Plaintiffs had made a timely

13  request, i.e., well in advance of the applicable deadline.

14       On March 10, 2010, pursuant to the Scheduling Order, a Joint Pretrial Order was due, which

15  by Local Rule 16-3 places the onus on "the initiative of counsel for plaintiff…"  LR 16-3(c).  To

16  date there has been no communication from Plaintiffs about preparing a Joint Pretrial Order.

17       On May 12, 2010, the Court issued an Order: (1) granting Defendants' Motion to Strike

18  Plaintiff's purported expert; (2) denying Plaintiffs' Motion to Compel Discovery; and (3) denying

19  Plaintiffs' Motion to Reopen Discovery. (Docket No. 60.)

20       On May 19, 2010, Plaintiffs filed a Request for Review of the Court's Order. (Docket No.

21  62.)

22       Pursuant to the Minute Order of June 1, 2010, the Court will hear argument regarding

23  Plaintiffs' Request for Review of Magistrate's Order on July 2, 2010.

24       **III.**    **LEGAL STANDARD**

25       Pursuant to Fed. R. Civ. P. 72, and Local Rule IB 3-1, the district judge may consider a

26  timely objection to an Order by Magistrate Judge "where it has been shown that the magistrate

27  judge's ruling is clearly erroneous or contrary to law."  Local rule IB 3-1.   A clear error exists when

28  the district court has "the definite and firm conviction that a mistake has been committed." <u>Easley v.</u>

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

7

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

Cromartie, 532 U.S. 234, 242 (2001) (quoting United States v. U.S. Gypsum Co., 333 U .S. 364, 395 (1948)).  This standard is consistent with the broad discretion afforded to magistrate judges is such pretrial matters.  See, e.g., Osbandv. Woodford, 290 F.3d 1036, 1041 (9th Cir.2002) (which states that questions of law are reviewed *de novo* while pretrial motions, such as discovery matters, are evaluated under the clearly erroneous standard).  In this case, Plaintiffs' Request fails to state how Court's Order is clearly erroneous or contrary to any law.  Therefore, the Order should be affirmed in its entirety.

## IV.   ARGUMENT

### A.   PLAINTIFFS FAIL TO SHOW THAT THE ORDER DENYING PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES IS CLEARLY ERRONEOUS OR CONTRARY TO THE LAW.

The Order should be affirmed because Plaintiffs fail to show any clear error or contrary law.  Plaintiffs argue that Magistrate Judge Leavitt did not address the alleged "Merits of Plaintiffs' Motion to Compel Discovery Responses."  (Plaintiffs' Request, 5:19.)  However, in doing so, Plaintiffs employ the same technique used in their motion to compel: they rely merely on statements both unsupported and conclusory.  The great weight of Plaintiffs' Request is a restatement their arguments in their Motion to Compel, that Defendants' discovery responses were "wholly inadequate and unresponsive" (Plaintiffs' Request, 5:23-24).  Plaintiffs' conclude that "Judge Leavitt did not even address the merits of the Plaintiffs' motion [to compel]…" (Plaintiffs' Request 7:10.)

Plaintiffs' arguments do not address the Court's reasoning behind the Order, that the Court can modify a scheduling order "only for good cause."  Fed. R. Civ. P. 16(b)(4).   Here, Plaintiffs offered no good cause for waiting from January 7, 2010, when they received Defendants timely discovery responses, until February 26, 2010, when Plaintiffs filed their Motion to Compel.

Plaintiffs Request fails to establish that the Order was made in clear error or is contrary to law.  Therefore, the Order should be affirmed.

### B.   PLAINTIFFS FAIL TO SHOW THAT THE ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY IS CLEARLY ERRONEOUS OR CONTRARY TO THE LAW.

The Order should be affirmed because Plaintiffs fail to show that the Order is clearly

OPPOSITION TO REQUEST FOR REVIEW OF MAGISTRATE'S ORDER

erroneous or contrary to law.  Plaintiffs' voluntary choice to vacate Vivian Furlow and Michael Deming's depositions is not good cause or excusable neglect sufficient to warrant reopening discovery.

Plaintiffs argue that Magistrate Judge Leavitt's "finding [that Plaintiffs failed to show good cause] is clearly erroneous." (Plaintiffs' Request, 11:11.)   Plaintiffs argued they could not proceed with Defendants deposition, which had been long scheduled via stipulation, because of alleged inadequate discovery responses.[2] (Plaintiffs' Request, 11:12.)  However, as argued in Defendants' Response to Plaintiffs' Motion to Compel, Exhibit A, Defendants cannot supplement discovery without an explanation as to which of the more than 100 responses were inadequate and how they were inadequate. See, Exhibit A.

Plaintiffs unilaterally and voluntarily vacated Vivian Furlow and Michael Deming's depositions.  Plaintiffs' Request does not establish how Plaintiffs' decision to vacate the depositions was based on good cause or excusable neglect.  Likewise, Plaintiffs' Request does not show how the Order is clearly erroneous or contrary to law.  Accordingly, the Order should be affirmed in its entirety.

**C.   PLAINTIFFS FAIL TO SHOW THAT THE ORDER STRIKING PLAINTIFFS' PURPORTED EXPERT IS CLEARLY ERRONEOUS OR CONTRARY TO THE LAW.**

The Order should be affirmed because Plaintiffs fail to show that the Order is clearly erroneous or contrary to law.  The underlying issue is still that Plaintiffs have not ever provided an expert's report to accompany their purported disclosure.  Fed. R. Civ. P. 26(a)(2)(B), states that expert disclosure must include a written report which:

> must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and

---

[2] Defendants object to Plaintiffs' characterization of their alleged "refus[al] to supplement the responses in any way." (Plaintiffs' Request 11:28.)  Defendants have always stated they would consider supplementing their responses if Plaintiffs would provide guidance as to the alleged insufficiencies.  (*See,* Docket 53-2, p.3.) To date, Plaintiffs have offered no guidance.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1      testimony in the case.

2    Fed. R. Civ. P. 26(a)(2)(B).

3          Plaintiffs argue that they "have not violated FRCP 37(c)" because they erroneously contend

4    their purported expert disclosure was proper. (Plaintiffs' Request 13:11-17.) As proof, they include,

5    what they contend is their report, which takes about one half a page, single spaced. (Plaintiffs'

6    Request 13:21-14-3.) Plaintiffs assert the purported expert disclosure is sufficient and conclude that

7    Magistrate Judge Leavitt "erred in his order" because Defendants were not harmed. (Plaintiffs'

8    Request 14:4-7.) However, as noted in the Order, it is Plaintiffs' burden to show harmlessness. Yeti

9    by Molly Ltd. v. Deckers Outdoor Corporation, 259 F.3d 1101, 1107 (9th Cir. 2001).

10          Here, again, Plaintiffs' conclusory statements are insufficient to show that the Order is clearly

11    erroneous or contrary to law. Plaintiffs have yet to provide an expert report which contains the

12    information required by Fed. R. Civ. P. 26(a)(2)(B). Without the purported expert's report,

13    Defendants are unable to properly defend against undisclosed testimony. And since the Federal

14    Rules of Civil Procedure are designed for the "just, speedy, and inexpensive determination of every

15    action and proceeding" (Fed. R. Civ. P. 1), the Rules also state that a party who does not "provide

16    information…required by Rule 26(a)…is not allowed to use that information…" Fed. R. Civ. P.

17    37(c).

18          Plaintiffs have not established that the Order is clearly erroneous or contrary to any law.

19    Accordingly, the Order should be affirmed in its entirety.

20                            V.      **CONCLUSION**

21          Plaintiffs' request has not shown that the magistrate judge's ruling is clearly erroneous or

22    contrary to law. Plaintiffs have had more than a year to complete discovery and have failed to do so.

23    Plaintiffs' decision to voluntarily vacate deposition does not excuse them from complying with the

24    ///

25    ///

26    ///

27    ///

28

**OPPOSITION TO REQUEST FOR REVIEW OF MAGISTRATE'S ORDER**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1   Federal Rules of Civil Procedure, this Court's Scheduling Orders, and their own stipulations.  For

2   the above-mentioned reasons, Defendants respectfully request the Court to affirm the magistrate

3   judge's ruling and for such other further relief as this Court deems just and proper.

4   DATED:    June 2, 2010                          WOLFE & WYMAN LLP

5

6                                                   By:    /s/ Peter E. Dunkley
7                                                        RACHEL E. DONN, ESQ.
                                                        Nevada Bar No. 10568
8                                                        PETER E. DUNKLEY, ESQ.
                                                        Nevada Bar No. 11110
9                                                        980 Kelly Johnson Drive, Suite 140
                                                        Las Vegas, NV 89119
10                                                       Phone (702) 476-0100
                                                        Fax (702) 476-0101
11                                                       Attorneys for Defendants
                                                        **NATIONAL CITY CORPORATION;**
12                                                       **NATIONAL CITY MORTGAGE COMPANY;**
                                                        **NATIONAL CITY BANK OF INDIANA;**
13                                                       **MICHAEL DEMING AND VIVIAN FURLOW**

14

15   H:\Matters\National City Bank (1264)\069 (Oliva)\Pleadings\Opposition to Request for Review of Magistrate's Order.doc

16

17

18

19

20

21

22

23

24

25

26

27

28

**OPPOSITION TO REQUEST FOR REVIEW OF MAGISTRATE'S ORDER**

1

## CERTIFICATE OF SERVICE

2       1.       On June 2, 2010 I served the OPPOSITION TO PLAINTIFFS' REQUEST FOR

3 REVIEW OF MAGISTRATE'S ORDER by the following means to the persons as listed below:

4        __X__   a.       EFC  System (you must attach the "Notice of Electronic Filing", or list all

5 persons and addresses and attach additional paper if necessary):

6       Jason J. Bach, Esq. – e-mail – Jbach@bachlawfirm.com

7       2.       On _____ I served the _____ by the following means to the persons as

8 listed below:

9        __    b. United States Mail, postage fully pre-paid (List persons and addresses.  Attach

10 additional paper if necessary):

11

12                                 By:     */s/ Katia Ioffe*

13                                          Katia Ioffe

14                                          An employee of Wolfe & Wyman LLP

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS At Law

OPPOSITION TO REQUEST FOR REVIEW OF MAGISTRATE'S ORDER