1  **Peter E. Dunkley, Esq.**
   **Nevada Bar No. 11110**
2  **WOLFE & WYMAN LLP**
   **980 Kelly Johnson Drive, Suite 140**
3  **Las Vegas, NV  89119**
   **Tel: (702) 476-0100**
4  **Fax: (702) 476-0101**
   pedunkley@wolfewyman.com
5
   **Attorneys for Defendants**
6  **NATIONAL CITY MORTGAGE**
   **COMPANY; MICHAEL DEMING; AND**
7  **VIVIAN FURLOW**

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10
   NICHOLAS OLIVA; JOAN OLIVA, individuals,          CASE NO.:  2:08-cv-01559-PMP-LRL
11
                    Plaintiffs,                      Nevada District Court Case No.:  A570250
12
        v.                                           **DEFENDANTS' RESPONSE TO**
13 NATIONAL CITY CORPORATION; NATIONAL             **PLAINTIFFS' MOTION FOR ORDER TO**
   CITY MORTGAGE COMPANY; NATIONAL                 **SHOW CAUSE**
14 CITY BANK OF INDIANA; MICHAEL
   DEMING, individually and as an employee/agent
15 of National City; VIVIAN FURLOW, individually
   and as an employee/agent of National City; and
16 DOES I through XX, inclusive

17                    Defendants.

18

19        **COMES NOW**, Defendants, National City Mortgage Company ("National City"), Michael

20 Deming, and Vivian Furlow (hereinafter collectively "Defendants"), by and through counsel, Wolfe

21 & Wyman LLP, and hereby responds to Nicholas Oliva and Joan Oliva's ( "Plaintiffs") Motion for

22 Order to Show Cause, and to Strike Defendants' Answer, or Alternatively, to take continued

23 Depositions of Defendants Deming and Furlow, (hereinafter "Motion for OSC").

24 ///

25 ///

26 ///

27 ///

28
                                          1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1        This Response is made and based upon the documents and pleadings on file herein, the points

2    and authorities which follow and all exhibits attached hereto, and any oral argument the Court may

3    allow.

4    DATED:  September 3, 2010           WOLFE & WYMAN LLP

5

6
                By:/s/ *Peter E. Dunkley*
7                       PETER E. DUNKLEY, ESQ.
                   Nevada Bar No. 11110
8                       980 Kelly Johnson Drive, Suite 140
                   Las Vegas, NV 89119
9                       Phone (702) 476-0100
                   Fax (702) 476-0101
10                      Attorneys for Defendants
                   **NATIONAL CITY MORTGAGE COMPANY;**
11                      **MICHAEL DEMING AND VIVIAN FURLOW**
///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

**RESPONSE TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiffs Motion for OSC is their attempt to sidestep the Court's Order granting "limited relief" pursuant to Fed. R. Civ. P. 56(f).  (See Docket # 67, p. 2:21-24 (hereinafter "Order") attached hereto as Exhibit A.)   The Order states that Magistrate Judge Leavitt's Order denying Plaintiffs' Motions to Reopen Discovery and to Compel Discovery Responses is affirmed. (See Order, 2:8-12.) Discovery is therefore still closed.  Nevertheless, despite the "limited relief" granted by the Court, Plaintiffs attempt to, in effect, completely reopen discovery beyond the scope of: (1) Fed. R. Civ. P. 56(f), (2) Plaintiffs' own Request for Production, and (3) this Court's Order.  Plaintiffs' Motion for OSC should be denied.

## II.     FACTS

In May of 2005, Plaintiffs obtained a loan for $680,000.00 ("Subject Loan") to purchase real property.  To obtain the Subject Loan, over the course of two weeks, Plaintiffs executed voluminous documents including but not limited to a Uniform Residential Loan Application, a Promissory Note, a Deed of Trust, and Truth in Lending Disclosure Statements, each of documents indicated that the Subject Loan is a 3 year adjustable rate mortgage ("ARM").  Plaintiffs allege the loan was procured by fraud.

After the close of discovery, and after Defendants timely filed a Motion for Summary Judgment (Docket #45), Plaintiffs sought relief from the Court and filed Motions to Compel Discovery (Docket #48), and to Reopen Discovery (Docket # 49).  Plaintiffs' Motions were denied (Docket # 60).  Plaintiffs requested a review of the Order denying the Motions.  The Order denying Plaintiffs' Motions was affirmed.  (See Docket #67, Order, 2:8-12.)

On July 7, 2010, the Court granted Plaintiffs "limited relief" pursuant to Fed. R. Civ. P. 56(f).   The Court's Order grants Plaintiffs two limited paths by which to obtain information they seek: (1) through production of documents with published rates, and (2) through depositions on the issue of the interest rates paid by Plaintiffs.

The Order states that Defendants must "produce…documents…reflecting published interest rates…as previously requested by Plaintiffs."  (Order, 2:21-26).  The Order further states that the

3

RESPONSE TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1   parties "shall conduct any additional depositions necessary to complete discovery on the issue of

2   whether between May 2005 and May 2008, Plaintiffs paid monthly interest rates consistent with a

3   seven-year adjustable rate mortgage rather than a three-year adjustable rate mortgage."  (Order, 3:2-

4   6.)   The Order allows the parties 60 days to complete this limited discovery.  (Id., 3:6-7.)

5           On August 5, 2010, Defendants complied with the Court's Order and Plaintiffs' request for

6   production.  A copy of Defendants Supplemental Response to Plaintiffs' Request for Production is

7   annexed hereto as Exhibit B.   Having no documents that show *published* rates, as requested by

8   Plaintiffs' Request for Production, and as Ordered by the Court, National City, in the spirit of

9   cooperation and subject to Plaintiffs agreeing to keep the internal information confidential, offered to

10  produce *internal* documents, which are not published and which contain unpublished proprietary

11  commercial information.  Plaintiffs declined to accept the documents.

12          On August 11th and 13th, Plaintiffs conducted the depositions of Michael Deming and

13  Vivian Furlow respectively.  Despite the Order which states "depositions necessary to complete

14  discovery on the issue of whether between May 2005 and May 2008, Plaintiffs paid monthly interest

15  rates consistent with a seven-year adjustable rate mortgage rather than a three-year adjustable rate

16  mortgage" (Order 3:2-6)  Plaintiffs attempted to proceed with lines of questioning far beyond the

17  scope of the Court's Order.  Accordingly, Deming and Furlow were instructed not to answer.

18          On August 30, 2010, Plaintiffs filed the Motion for OSC.

19                          **III.    DISCUSSION**

20          Plaintiffs' Motion for OSC should be denied because Defendants have fully complied with

21  the Court's Order.  Plaintiffs' overly broad interpretation of the Court's Order is neither a basis to

22  find Defendants in contempt, nor a basis for the sanctions Plaintiffs seek against Defendants.

23  Plaintiffs' Motion should be denied.

24      **A.    Defendants cannot be in contempt for failing to produce documents showing
            "published rates" because no such documents exist.**

25

26          Defendants cannot be held in contempt for failing to produce documents which do not exist.

27  The Court's Order requires Defendants to produce documents "reflecting the published interest

28  rates…as previously requested by Plaintiffs."  (Order 2: 24-26.)  The Court's Order is consistent

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

4

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1  with Plaintiffs' Request for Production Number 7, which states: "Produce documents that show

2  published rates from National City Bank from the period of April 14 to May 9, 2005." See,

3  Defendants Supplemental Response, Exhibit B.  The plain meaning of the term "publish" is: "to

4  distribute copies … to the public." Black's Law Dictionary, 572 (2d Pocket ed. 2001).  National

5  City did not publish its interest rates for the relevant time period, and has no documents showing

6  published interest rates for the relevant time.

7          National City confirmed that that the documents contained proprietary commercial

8  information, that could harm National City should the information become public information or

9  otherwise fall into the hands of competing mortgage lenders.  Nevertheless, National City stands

10  ready to produce document which contain no information that was published or otherwise made

11  public, should Plaintiffs be willing to agree to keep the documents confidential.

12          Thus, Defendants' counsel contacted Plaintiffs' counsel and explained that National City has

13  no "published" information, but is completely willing to produce internal documentation, which is

14  directly relevant to Plaintiffs' loan, on the condition that Plaintiffs agree to keep the information

15  confidential and return the documents at the resolution of this litigation.  Plaintiffs refused.

16          Pursuant to Fed. R. Civ. P. 26(c)(1)(G) a party may move for a protective order to protect

17  information such as a "trade secret" or "commercial information."  Further, a court "may make any

18  order which justice requires to protect a party…[by requiring that] commercial information …be

19  revealed in a designated way. Id.; Phillips v. General Motors Corp., 289 F.3d 1117 (9th Cir. 2002).

20  Defendants have not moved for such a protective order because Plaintiffs *have never asked for*

21  *unpublished* internal interest rate documentation.  Nevertheless, in the spirit of cooperation, National

22  City stands ready to produce such unpublished internal documents, if Plaintiffs will agree to keep the

23  documents confidential.  To that end, Defendants, as part of their supplemental Disclosure included

24  a proposed Stipulation and Order whereby Plaintiffs would agree to keep the documents confidential

25  and return them at the conclusion of the litigation.  See, Defendants' Supplemental Response,

26  Exhibit B.

27  ///

28  ///

1    Both Plaintiffs' Request for Production and the Court's Order refer to "published rates."

2    National City does not publish its rates, nor does is have documents that show "published rates."

3    Accordingly, Defendants cannot be in contempt for failing to produce documents which do not exist.

### B.    Defendants are not in contempt because the depositions were specifically limited to relevant interest rate information.

Defendants are not in contempt for failing to answer certain questions at their depositions because the Court's Order expressly limited the scope of permissible questioning.   To constitute contempt, one must be disobedient to an order by a court.  NRS § 22.010(3).  Courts may issue orders limiting the scope of deposition.  See, e.g., American Cas. Co. of Reading, Pa. v. Krieger,160 F.R.D. 582, 591 (S.D.Cal.,1995) (Court issues an order limiting the scope of questioning).  The Federal Rules of Civil Procedure state: [a] person may instruct a deponent not to answer only when necessary to preserve a privilege, *to enforce a limitation ordered by the court*, or to present a motion under Rule 30(d)(3).  Fed. R. Civ. P. 30 (c)(2)(emphasis added).  S.E.C. v. Oakford Corp., 141 F.Supp.2d 435, 437 (S.D.N.Y. 2001).

In this case, the Court's Order provides for:  "depositions necessary to complete discovery on the issue of whether between May 2005 and May 2008, Plaintiffs paid monthly interest rates consistent with a seven-year adjustable rate mortgage rather than a three-year adjustable rate mortgage."  See, Order, 3:2-6.  Thus, the whole purpose of the limited relief was to obtain additional interest rate information.  See Order, 2:21 through 3:6.

Defendants duly appeared for their depositions and answered Plaintiffs' background questions and questions clearly within the scope of the Court's Order.  However, many of Plaintiffs' deposition questions veered into subject matter far beyond the scope of the Order and that had no connection to the interest rates:

Q.          Okay. And is that how you knew Mr. Boyce?

Mr. Dunkley:  Objection, this is still way beyond the scope of the interest rates.

A.          Yes, that's how I know Mr. Boyce.

…

///

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

6

**RESPONSE TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE**

1         Q.        Have you corresponded with him in any way via e-mail or letters or

2                    anything?

3   Mr. Dunkley:  You know what Jason, I'm going to object again.  It's beyond the

4                    scope of the order, and I'm just going to – pretty soon I'm going to

5                    instruct him not to answer any questions that are beyond the scope.

6   Mr. Bach:    Okay, I understand.

7   Mr. Dunkley:  Thank you.

8   <u>See</u> Deposition of Michael Deming, p. 56:18 through 57:22, attached as Exhibit C.  Mr. Boyce is not

9   a party to this litigation and has no affiliation with National City and no access to, or direct

10   knowledge of, any interest rates or other loan terms available to or obtained by Plaintiffs from

11   National City.  For a more complete discussion of Mr. Boyce, see Defendants Motions in Limine

12   (Docket # 43).

13         Likewise, Plaintiffs asked questions far beyond the scope the issue of interest rates at Vivian

14   Furlow's deposition.  Again, because the Court's Order limited the scope of the depositions to "the

15   issue of whether [during the relevant time period] Plaintiffs paid monthly interest rates consistent

16   with a seven-year adjustable rate mortgage, rather than a three-year adjustable rate mortgage"  such

17   instructions not to answer questions beyond the scope of the Order are appropriate.  Fed. R. Civ. P.

18   30(c)(2).

19         Because discovery is closed, questions not on the issue of interest rates as set forth in the

20   Order, are subject to both objections and instructions not to answer. Fed. R. Civ. P. 30(c)(2).

21   Therefore, Defendants have not been disobedient to the Court's Order.  Defendants are not in

22   contempt.

23       **C.**      <u>**Plaintiffs are not entitled to Fed. R. Civ. P. 37 sanctions.**</u>

24         Plaintiffs are not entitled to Rule 37 sanctions.  In order to be entitled to sanctions under Rule

25   37, a person must fail to comply with or obey a court order.  Fed. R. Civ. P. 37(b).  Plaintiffs request

26   the Court to sanction Defendants by striking Defendants answer.  Motion for OSC 12:6-8.

27   ///

28   ///

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**RESPONSE TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1   Striking an answer has the effect of entry of default. Jackson v. Microsoft Corp., 211 F.R.D.

2   423 (W.D. Wash. 2002).   In that case, "Even if the Court were to conclude that defense counsel

3   made material misrepresentations to the Court, the remedies sought by plaintiff are inappropriately

4   harsh." Id. at 434.

5   Here, as discussed above, such a sanction would be inappropriately harsh.  Plaintiffs cannot

6   even show that Defendants have disobeyed the Court's Order.  Plaintiffs appear confuse their own

7   request for documents that show "published rates", which do not exist, with the actual documents

8   that Defendant's are willing to produce, but which do not contain "published rates."  As stated

9   above, Defendants cannot be held in contempt for failing to produce documents which do not exist.

10  Therefore, Plaintiffs are not entitled to Fed. R. Civ. P. 37 sanctions for Defendants' purported failure

11  to produce non-existent documents.

12  Furthermore, the Court's Order limited the scope of permissible questioning at Deming and

13  Furlow's depositions.  Defendants were instructed not to answer only those questions which were far

14  beyond the scope of the issue of interest rates.  Such instructions are appropriate pursuant to Fed. R.

15  Civ. P. 30(c)(2).   Therefore, Plaintiffs are not entitled to sanctions under Fed. R. Civ. P. 37 when the

16  Court's Order provides limited relief specifically on the issue of interest rates paid by Plaintiffs.

17  Plaintiffs' characterization of Defendants purported "strong arm tactics" merely affirm

18  Defendants' willingness to cooperate with the order by agreeing to produce documents for which

19  Plaintiffs have not asked, and which the Order does not require Defendants to produce.

20  Plaintiffs' statement that Defendant's "waiving [sic] the documents in Plaintiffs' counsel's

21  face" grossly mischaracterizes Defendants' ongoing willingness to produce internal documentation

22  with their promise to keep the information confidential.  Counsel for both parties sat across from

23  each other at a large conference table and at no point were any documents waved before anyone's

24  face.  Defendants can only speculate as to actual reason why Plaintiffs still refuse to agree to keep

25  the unrequested and unpublished documents confidential.

26  Defendants have fully complied with the Court's Order.  Throughout this litigation,

27  Defendants have honored the Orders and deadlines of this Court.  Plaintiffs are not entitled to

28  sanctions under Fed. R. Civ. P. 37.

8

**RESPONSE TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE**

1
2

**D.** **Plaintiffs are not entitled to continue the depositions and are not entitled to production of documents for which they have never asked.**

3

Plaintiffs are not entitled to continue the depositions of Deming and Furlow.  Plaintiffs have

4

had more than one chance to depose Defendants Deming and Furlow during the course of regular

5

discovery.  However, regular discovery ended on January 7, 2010.  Defendants even agreed to have

6

their depositions taken after the close of discovery, yet Plaintiffs inexplicably vacated the

7

depositions.  (See Docket # 40.)  If Plaintiffs had proceeded with Deming and Furlow's depositions

8

within the discovery period, Plaintiffs could have asked questions on any unprivileged topic.

9

Plaintiffs failed to do so.

10

Instead, Plaintiffs were granted "limited relief" to conduct "depositions necessary to

11

complete discovery on the issue of [the interest rates paid by Plaintiffs]."  Order, pp. 2:21 through

12

3:6.  On its face the Order does not reopen discovery: "the Order (Doc. # 60)[denying Plaintiffs'

13

Motion to Reopen Discovery] entered by Magistrate Judge Leavitt is hereby affirmed."  Order  2:8-

14

12.

15

Thus, Plaintiffs were allowed to proceed with depositions "on the issue" of interest rates.

16

Plaintiffs should not be permitted to side-step the Court's Orders by continuing depositions of

17

Deming and Furlow, well past the close of discovery, and on issues outside the "limited relief"

18

granted by the Court's Order.

19

Plaintiffs still argue that Defendants should produce non-existent documents and attempt to

20

use this as a basis to allow them to "complete the depositions of Deming and Furlow."  Motion for

21

OSC 12:19.  However, as stated above, Defendants have no such documents showing "published

22

rates" but are still willing to produce non-public unpublished information subject to a confidentiality

23

agreement.  See, e-mail from Peter Dunkley, dated August 4, 2010, attached as Exhibit D.  Plaintiffs

24

refused to do so.  See, e-mail from Jason Bach, dated August 5, 2010, attached as Exhibit E.

25

Plaintiffs even refused to discuss the scope of questioning in advance of the depositions.  Id.

26

In this case, Plaintiffs had ample opportunity to pursue discovery during the: (1) regular

27

discovery period which ended January 7, 2010, and (2) the extended discovery period which

28

provided for the late depositions of Defendants, and (3) the additional limited relief granted by the

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

9

1  Court's Order.  Plaintiffs are not entitled to re-depose Deming and Furlow, nor are Plaintiffs entitled

2  to the unpublished internal interest rate sheets without agreeing to keep them confidential.  <u>See</u>,

3  <u>Qualls By and Through Qualls v. Blue Cross of California, Inc.</u>, 22 F.3d 839, 844 (9th Cir.

4  1994)(movant must diligently pursue previous discovery opportunities).

5          Defendants duly appeared for their depositions, and answered questions until the line of

6  questioning was far outside the issue of interest rates.  Plaintiffs are not entitled to continue the

7  depositions of Deming and Furlow.  Plaintiffs are likewise not entitled to force Defendants to

8  disclose internal unpublished interest rate information without a confidentiality agreement or

9  protective order.

10         **E.**     **<u>Plaintiffs are not entitled to attorneys' fees and costs.</u>**

11         Plaintiffs are not entitled to attorneys' fees and costs.  Plaintiffs argue that they are entitled to

12  fees and costs because of "Defendants' [purported] refusal to comply" with the Court' Order.

13  Motion for OSC 12:26-27.  Fed. R. Civ. P. 37(b)(2)(C) provides that a party who fails to comply

14  with an order is subject to  pay "reasonable expenses…unless the failure was substantially justified

15  or other circumstances make an award of expenses unjust."

16         In this case, Defendants fully complied with the Court's Order.   It is Plaintiffs who are

17  refusing to comply with the Order: (1) Plaintiffs demand documents which do not exist or

18  alternatively, which which they did not ask, which includes unpublished information, and (2)

19  Plaintiffs intentionally disregarded the limited scope of the allowed depositions by repeatedly asking

20  beyond the scope of interest rates paid by Plaintiffs to the point that Defendants were instructed to

21  not answer the inappropriate questions.

22         The language of the Order is clear, Defendants must produce documents with "published

23  rates,"  and the parties my conduct "depositions necessary to complete discovery on the issue of

24  whether between May 2005 and May 2008, Plaintiffs paid monthly interest rates consistent with a

25  seven-year adjustable rate mortgage rather than a three-year adjustable rate mortgage."

26         Upon learning that Defendants had no such published documents, Defendants notified

27  Plaintiffs and supplemented their document production.  See, Exhibit B.  Furthermore, Defendants

28  stand willing to produce additional documents subject to a confidentiality agreement or protective

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

10

1    order, which Plaintiffs have refused to sign.  Plaintiffs' refusal to agree to keep proprietary

2    commercial information confidential should not serve as a basis to sanction Defendants.

3         Defendants duly appeared for their depositions "on the issue" of interest rates.  Only when

4    Plaintiffs' questions varied from the Order, did Defendants refuse to answer.

5         Alternatively, should the Court determine that Defendants have failed to comply with the

6    Order, Plaintiffs are still not entitled to costs and fees because Defendants failure would be

7    substantially justified given the express language of the Order regarding the document production

8    and the scope of the depositions.  Additionally, given Plaintiffs penchant for vacating depositions at

9    the personal expense Defendants, including Michael Deming, who lives in Utah and travels at his

10   own expense, would provide "other circumstances [to] make an award of expenses unjust."  Fed. R.

11   Civ. P. 37(b)(2)(C). Plaintiffs are not entitled to costs and fees under Fed. R. Civ. P. 37(b).

## IV.    CONCLUSION

13        Plaintiffs have had more than a year to complete discovery and have failed to do so.

14   Plaintiffs have not shown how Defendants have failed to comply with the Court's Order.  Plaintiffs'

15   prior lack of diligence to pursue discovery does not excuse them from complying with the Federal

16   Rules of Civil Procedure, and this Court's Orders.  For the above-mentioned reasons, Defendants

17   respectfully request the Court to deny Plaintiffs' Motion in its entirety, and for such other further

18   relief as this Court deems just and proper.

19   DATED:    September 3, 2010              WOLFE & WYMAN LLP

21                                  By: _____*Peter E. Dunkley*_____

22                                       PETER E. DUNKLEY, ESQ.
                                         Nevada Bar No. 11110
23                                       980 Kelly Johnson Drive, Suite 140
                                         Las Vegas, NV 89119
24                                       Phone (702) 476-0100
                                         Fax (702) 476-0101
25                                       Attorneys for Defendants
                                         **NATIONAL CITY CORPORATION;**
26                                       **NATIONAL CITY MORTGAGE COMPANY;**
                                         **NATIONAL CITY BANK OF INDIANA;**
27                                       **MICHAEL DEMING AND VIVIAN FURLOW**

28   H:\Matters\National City Bank (1264)\069 (Oliva)\Pleadings\Response to Motion for Order to Show Cause.doc

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1

2

### CERTIFICATE OF SERVICE

      1.      On September 3, 2010 I served the RESPONSE TO PLAINTIFFS' MOTION FOR

ORDER TO SHOW CAUSE by the following means to the persons as listed below:

   X   a.     EFC  System (you must attach the "Notice of Electronic Filing", or list all

persons and addresses and attach additional paper if necessary):

     Jason J. Bach, Esq. – e-mail – Jbach@bachlawfirm.com

    ____   b.     United States Mail, postage fully pre-paid (List persons and addresses.  Attach

additional paper if necessary):

                          By:    /s/ *Katia Ioffe*
                                     Katia Ioffe
                                     An employee of Wolfe & Wyman LLP

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

**RESPONSE TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE**