**COLT B. DODRILL, ESQ.**
**Nevada Bar No. 9000**
**WOLFE & WYMAN LLP**
**980 Kelly Johnson Drive, Suite 140**
**Las Vegas, NV 89119**
**cbdodrill@wolfewyman.com**
**Tel: (702) 476-0100**
**Fax: (702) 476-0101**

Attorneys for Defendants,
**NATIONAL CITY MORTGAGE COMPANY, MICHAEL DEMING, AND VIVIAN FURLOW**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| NICHOLAS OLIVA; JOAN OLIVA, individuals,<br><br>Plaintiffs,<br>v.<br><br>NATIONAL CITY MORTGAGE COMPANY; MICHAEL DEMING, individually and as an employee/agent of National City; VIVIAN FURLOW, individually and as an employee/agent of National City; and DOES I through XX, inclusive<br><br>Defendants. | CASE NO. 2:08-cv-01559-PMP-LRL<br><br>**DEFENDANTS' MOTION TO DISMISS FOR VIOLATING JULY 7, 2010 ORDER**<br><br>[Fed. R. Civ. P. 37(b)] |

**TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Fed.R.Civ. P. Rule 37(b), Defendants, National City Mortgage Company; Michael Deming and Vivian Furlow (hereinafter collectively known as "Defendants"), by and through their attorneys, Wolfe & Wyman LLP, hereby move to dismiss Plaintiffs' First Amended Complaint based on Plaintiff's violation of the Court's Order of July 7, 2010 (Docket No. 67.) in failing to provide a computation of damages and documents on which their computation is based as required by Fed. R. Civ. P. 26.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

This Motion is based on the attached Memorandum of Points and Authorities filed and served concurrently, all pleadings and papers on file herein, and upon such oral and documentary evidence as may be presented at a hearing on this Motion that the Court may set.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this matter, Plaintiffs have violated a Court Order. On July 7, 2010, this Court Ordered:

> **IT IS ORDERED** that Plaintiffs' shall, not later than **August 6, 2010**, produce for Defendants all documents upon which Plaintiffs rely upon to support their claims for damages.

Docket No. 67 at p. 2:16-20 (emphasis in original). On August 5, 2010, Plaintiffs provided their Fourth Supplement Fed. R. Civ. P. 26(a) Disclosures. However, the Fourth Supplement is non-responsive, as it contains non-specific internet research and general mortgage lending advertisements from the Las Vegas Review-Journal, none of which support Plaintiff's claims for damages. Plaintiffs produced no documents specific to their damages.

Additionally, Plaintiffs' counsel forwarded a correspondence dated August 5, 2010 purporting to provide an explanation of their claimed damages. As with the Fourth Supplement, the correspondence was both non-responsive and ambiguous. Within that correspondence, the only "calculation" is listed as "interest @ 6% a year accruing annually" according to an undefined base value, resulting in an "estimated" $160,000.00 to $200,000.00 in damages depending on which end of an undisclosed range was considered. Again, this calculation lacks documentary support.

Plaintiffs have failed to provide any documents to support their claims for damages for the past two years, even in defiance of a direct Court Order. Under these circumstances, dismissal of this case is warranted under Fed. R. Civ. P. 37(b).

## II. FACTS AND PROCEDURAL HISTORY

The Plaintiffs, Nicholas and Joan Oliva (hereinafter "Plaintiffs") filed a Complaint on August 22, 2008 alleging several causes of action stemming from an alleged fraud regarding the length of the fixed term of their Adjustable Rate Mortgage. On May, 27, 2009, the Court dismissed all of Plaintiffs claims except for the fraud and negligence causes of action (Docket No. 25). Plaintiffs' initial disclosures and supplements thereto did not include a computation of damages as required by

Fed. R. Civ. P. 26. On July 7, 2010, the Court Ordered Plaintiffs to produce documents supporting a computation of damages. (Docket No. 67.)

On August 5, 2010, Plaintiffs provided their Fourth Supplemental Fed. R. Civ. P. 26(a) Disclosures, a copy of the entirety of which is attached hereto as Exhibit A. Plaintiffs' counsel also forwarded a letter to Defendants' counsel dated August 5, 2010, which purports to explain Plaintiffs' damages. A copy of the August 5, 2010 correspondence is attached hereto as Exhibit B. Trial is scheduled for February 8, 2011.

## III. LEGAL ARGUMENT

Plaintiffs' Complaint should be dismissed because they have failed to comply with this Court's Order of July 7, 2010 (Docket No. 67). Although the Court denied Defendants' Motion to Dismiss (Docket No. 44), the Court Ordered as follows:

> **IT IS FURTHER ORDERED** that Plaintiffs' shall, not later than **August 6, 2010**, produce for Defendants all documents upon which Plaintiffs rely upon to support their claims for damages.

Docket No. 67 at p. 2:16-20 (emphasis in original). The Court's Order was based Fed. R. Civ. P. 26. Federal Courts universally hold that the computation and the documents supporting them are required prior to expert disclosures.[1] On August 5, 2010, Plaintiffs produced their Fourth Supplemental 26(a) Disclosures. Notwithstanding those disclosures, Plaintiffs remain in defiance of the Court's July 7, 2010 Order.

///

---

[1] Burrell v. Crown Central Petroleum, Inc., 177 F.R.D. 376, 385 (E.D. Tex. 1997) (motion to compel computation as to work related and non-work related compensatory damages granted; plaintiffs have a duty to disclosure computations of any computation of any category of damages claimed); Viveros v. Nationwide Janitorial Ass'n, 200 F.R.D. 681, 683 (N.D.Ga. 2000) (motion to compel estimate of damages and the methods of calculations granted); Clayman v. Starwood Hotels & Resorts Worldwide, 343 F. Supp. 2d 1037, 1047 (D. Kan. 2004) (plaintiff ordered to provide a computation of her claimed damages in support of her claim for $50,000 in future medical expenses); DirectTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (motion to compel answer to interrogatory requesting identification of specific damages granted); Burrell v. Crown Central Petroleum, Inc., 177 F.R.D. 376, 385-86 (D. Tex. 1997) (motion to compel computations of damages granted). See also Laclede Gas Co. v. G. W. Warnecke Com., 604 F.2d 561, 563, 565 (8th Cir. 1979) (dismissal of action upheld where plaintiff failed to adequately answer defendant's interrogatory seeking an itemized list of damages); Martin v. Easton, 85 F.R.D. 312, 316 (E.D. Pa. 1980) (granting defendant's motion to compel answer to interrogatory regarding damages).



WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**A. Plaintiffs' Damages Should be Readily Available to Defendants.**

Plaintiffs allege they were fraudulently induced into signing a 3-year ARM, rather than a 7-year ARM as promised. FAC, at ¶ 15 (Docket No. 20.) Plaintiffs' interest rate adjusted in March, 2008 and every six months thereafter. In Nevada, fraud damages under these circumstances would be measured as the "benefit of the bargain." Collins v. Burns, 103 Nev. 394, 398, 741 P.2d 819, 821 (1987). Thus, should Plaintiffs prevail at trial, their damages would be calculated as the difference in interest they paid under the 3-year ARM versus what they would have paid under the 7-year ARM. Id.

Because under either loan, the interest rate for the first three years would be identical (5.625%), Plaintiffs have no claim for damages related to interest they paid for years one through three. Similarly, under either loan, the interest rates after year seven would be adjusted based on the LIBOR index.[2] Therefore, Plaintiffs have no claim for damages related to interest paid after year seven. Accordingly, Plaintiffs damages, if at all, would be the difference in interest paid during years four, five, six, and seven from what would have been their initial fixed rate of 5.625%.

Accordingly, Defendants would expect Plaintiffs to produce documentation showing the amount of interest they paid versus what they should have paid had the loan rate not adjusted in May, 2008. Further, because Plaintiffs complain of "IRS liabilities," Plaintiffs must have produced income tax records and documents demonstrating such liabilities. Although ordered by the Court to produce such documents, Plaintiffs have not done so.

Rather, Plaintiffs' production is merely a collection of general information available on the internet that fails to provide any personal information of Plaintiffs, and fails to provide any details specific to the Olivas' purported claims for damages.

**B. Plaintiffs' Fourth Supplement is Non-Responsive.**

Plaintiffs' Complaint should be dismissed, because their Fourth Supplement is non-

[2] Plaintiffs' new interest rate is adjusted every six months by adding 2.750% to the current LIBOR index. Plaintiffs' interest rate would never exceed 10.625% and never drop below 2.750%. The rate would never change by more than 1.000% from the prior rate. This information is stated in Plaintiffs' Adjustable Rate Rider to the Deed of Trust, a copy of which is attached hereto as Exhibit C.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

responsive to this Court's July 7, 2010 Order. The entirety of Plaintiff's Fourth Supplement is attached hereto as Exhibit A. First, Plaintiffs produced a three page internet article from www. mortgage-match.us printed August 5, 2010. (Exhibit A, at pp. Oliva 0280-0282.) That article contains only general information regarding Adjustable Rate Mortgages, but provides no information specific to the Olivas' loans, specific to National City Mortgage, or specific to the LIBOR index. Id. Thus, that document is non-responsive to the Court's July 7, 2010 Order.

Second, Plaintiffs produced two pages of "Graph rate trends over time" from www. bankrate.com printed on August 28, 2008. (Exhibit A, at pp. Oliva 0283-0284.) That information also contains general information nonspecific to the Olivas' loans. Indeed, those pages state, "Mortgage rate **may** include points, see rate tables for details. Click here." Id. (emphasis added). That contains no information as to what Plaintiffs have paid or what Plaintiffs should have paid on their home loan. Because those documents provide no basis for a computation of any damages, they are non-responsive to the Order.

Third, Plaintiffs produced a page from the website www.hsh.com that appears to have been printed on July 2, 2008. (Exhibit A, at p. Oliva 0285.) That document contains a chart of Treasury Security Indexes calculated by the Treasury Department and reported by the Federal Reserve. Id. The page includes a chart of "ARM Indexes: 2005" for various term loans. Id. The page states "[a] margin to this index is added by the lender when your ARM's rate is adjusted." Id. That document is non-responsive, because the Olivas did not receive an ARM based on the Treasury Security Index. Rather, their ARM was based on the LIBOR Index. See, Deed of Trust, a copy of which is attached hereto as Exhibit C. See also, Adjustable Rate Loan Program Disclosure, a copy of which was previously attached to Defendants Motion for Summary Judgment (Docket No. 45) at Exhibit G (same), and Adjustable Rate Note attached to Defendants Motion for Summary Judgment (Docket No. 45) at Exhibit H (same). Therefore, because Plaintiffs' loan adjusts based on the LIBOR Index, Plaintiffs' production of the Treasury Security Index is meaningless.

Fourth, Plaintiffs produced a page from news.google.com printed on August 27, 2008. (Exhibit A, at p. Oliva 0286.) Again, that document provides only general hearsay information that is non-responsive to a request for documents supporting a computation of damages. Fifth, Plaintiffs

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

produced a page from www.ezloanapply.com printed on August 27, 2008 that provides only general information from "Freddie Mac's Weekly Primary Mortgage Market Survey" dated May 26, 2005. (Exhibit A, at p. Oliva 0287.) That information has no rate information specific to either a 7-year or 3-year ARM, and no information to rates specific to National City Mortgage. Thus, that information is also non-responsive.

Sixth, Plaintiffs produced what appears to be an advertisement indicating "average" interest rates around May 5, 2005. (Exhibit A, at p. Oliva 0288.) Again, that information is non-specific to National City, provides no information as to what Plaintiffs have paid in interest, and yields no computation as to the difference between the interest rates Plaintiffs received and their current interest rate. Accordingly, that document is non-responsive.

Seventh, Plaintiffs produced a document from www.mortgage-x.com printed on July 8, 2010 purporting to be "Historical Mortgage Rate Data." (Exhibit A, at p. Oliva 0289.) Again, that document provides only general, historical information that is useless in computing Plaintiffs' purported damages. Id. Indeed, that page provides no information for National City Mortgage's interest rates, and no rate information whatsoever regarding 7-year and 3-year ARM's. Accordingly, that document is non-responsive to the Court's Order.

Eighth, Plaintiffs produced a demand letter to National City Mortgage dated July 31, 2008. (Exhibit A, at pp. Oliva 0290-0291.) That document provides no information on which any damages can be computed. Rather, it merely states that on May 7, 2008, counsel forwarded a rescission letter to National City under the Truth in Lending Act. Id. However, this Court dismissed Plaintiff's Truth in Lending Act Claims. Docket No. 25. Thus, the letter is non-responsive as to damages.

Ninth, Plaintiffs produced a series of mortgage lending advertisements from the Las Vegas Review Journal. (Exhibit A, at pp. Oliva 0292-0294.) Those documents are non-responsive because they contain no information specific to the Olivas' loans. Rather, those documents merely confirm that National City Mortgage did not publish its interest rates to the general public. Id. Thus, Plaintiffs have produced no documents on which their purported damages could be computed. Accordingly, they have violated the Court's July 7, 2010 Order, subjecting them to dismissal under Fed. R. Civ. P. 37(b).

**C. Plaintiffs' Counsel's Correspondence is Non-Responsive.**

As discussed above, notwithstanding the Court's Order requiring Plaintiffs to do so, they have produced no documents supporting their claims for damages. Further, they have never provided a computation of damages. Fed. R. Civ. P. 26(a)(1)(A)(iii) requires that Plaintiffs' initial disclosures provide a "computation of each category of damages claimed…documents or other evidentiary material…on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). Initial disclosures should provide defendants with information sufficient to understand the "contours of its potential exposure and [enable defendants to] make informed decisions as to settlement and discovery." City and County of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 221 (N.D. Cal. 2003). Furthermore, "by its very terms, Rule 26(a) requires more than providing—without any explanation—undifferentiated financial statement[s]; it requires a 'computation,' supported by documents." Design Strategy, Inc. v. Davis, 469 F.3d 284, 295 (2d Cir. 2006). However, Plaintiffs have never provided any such computation herein.

Rather, Plaintiffs' counsel forwarded correspondence dated August 5, 2010 purporting to provide an explanation of their claimed damages. A copy of that Correspondence is attached hereto as Exhibit B. That correspondence sheds little light on Plaintiffs' attempt to compute their damages to the jury. Rather, it merely provides inadmissible conjecture and speculation regarding damages. Here, Plaintiffs have not provided any non-speculative computations or documents to support any computations.

Specifically, the letter states Plaintiffs seek to recover approximately $135,573 to $141,309 in overpayment to National City Mortgage. Exhibit B. Yet, the letter provides no computation for those figures.

Neither Plaintiffs' Fourth Supplement or the August 5, 2010 letter complies with Rule 26 or the Court's July 7, 2010 Order. Rather, Plaintiffs' only purported computation is listed as:

> Interest @ 6% a year accruing annually, at the low end of the range, for a total of $160,000 estimated.
>
> Interest @ 6% a year accruing annually, at the high end of the range, for a total of $200,000 estimated.



WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

Exhibit B, at pp. 1-2. That purported computation is meaningless. Rather, it is mere speculation, and not based on any documents. First, Plaintiffs provide no documents as to how the interest is calculated at 6%. Further, counsel does not identify which figures were multiplied by 6%. Indeed, Plaintiffs' initial interest rate was only 5.625%. Exhibit B. Thus, had Plaintiffs been placed in a 7-year ARM, the "benefit of the bargain" would have their rate fixed at 5.625% through May, 2012. Collins v. Burns, 103 Nev. 394, 398, 741 P.2d 819, 821 (1987). Yet, Plaintiffs' current interest rate is only 3.500%. Thus, 6% does not factor into the computation whatsoever. Rather, Plaintiffs are merely speculating as to what damages they want to present to a jury. Such speculation, however, is improper, as the plaintiff has the burden to prove "actual damages, the amount of which must not be speculative." Clark County School Dist. v. Richardson Constr., Inc., 123 Nev. 382, 397, 168 P.3d 87, 97 (2007).

Further, Plaintiffs' $160,000.00 and $200,000.00 estimates are based on the low or high end of an undisclosed "range." Indeed, Plaintiffs provide no documents or information as to what was meant by referencing a "range." Thus, counsel's correspondence sheds no light on Plaintiffs' purported damages.

Moreover, counsel states that "Plaintiffs' [sic] have also suffered damaged [sic] related to the simple purchase of the home, and all loan costs related, which amount to $865,000." Exhibit B, at p. 2. Plaintiffs provide no computation of "all loan costs." Indeed, it is absurd for Plaintiffs to seek to recover their entire purchase price of the Subject Property, when their claim only regards whether the interest rate should have adjusted during years four through seven of the loan. Plaintiffs cannot obtain a free home, because the house itself was not part of Plaintiffs' "bargain" with Defendants. Collins, 103 Nev. at 398, 741 P.2d at 821. Indeed, Defendants did not sell Plaintiffs the house. Regardless, the Court dismissed Plaintiffs' rescission claim. (Docket No. 25.) Thus, Plaintiffs' counsel's letter fails to cure the deficiencies in Plaintiff's fourth supplement.

Further, Plaintiffs seek to recover all "principal and interest paid for the entire length of the loan." Id. Again, such a recovery is absurd and outside the scope of "the benefit of the bargain." Collins, 103 Nev. at 398, 741 P.2d at 821. Indeed, Plaintiffs provide only estimations, not computation, and no supporting documentation:

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

> The total payments to date are **approximately** $260,000, with the monetary differential resulting from the interest rate damages stated above and the actual payments rendered to date, which are continuing and would be calculated accurately at the time of trial. This would add **approximately** $120,000 to the damages sought.

Exhibit B at p. 2 (emphasis added). Thus, Plaintiffs' damages are merely estimated rather than sufficiently computed. As stated above, Plaintiffs are not entitled to a recovery of all moneys paid, but rather the difference between the benefit of the bargain and the actual interest paid. Collins, 103 Nev. at 398, 741 P.2d at 821. Moreover, that estimation is nonsensical and not supported by any document produced by Plaintiffs.

Finally, Plaintiffs purport to recover "all damages related to additional IRS liabilities, as previously disclosed." Id. Yet, Plaintiffs have never produced any IRS records, any income tax records, any communications between Plaintiffs and the IRS, or any other document indicating that Plaintiffs have somehow incurred IRS liabilities based on the premature lowering of their interest rate. Thus, because Plaintiffs have not produced any documents to support "IRS liabilities," references to such purported damages are non-responsive. Therefore, counsel's August 5, 2010 correspondence fails to comply with Fed. R. Civ. P. 26 and 37, and is non-responsive to the Court's July 7, 2010 Order. Accordingly, Plaintiffs have violated the Court's Order. Thus, their Complaint should be dismissed as the appropriate sanction.

## IV. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for sanctions:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> . . .
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

Fed. R. Civ. P. 37(c)(1). "If a party . . . fails to obey an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders [including] dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v); see also, Fed. R. Civ. P. Rule 41(b)



WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

("If the plaintiff fails to … comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). The Supreme Court upheld a district court's dismissal under Rule 37:

> But here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent. If the decision of the Court of Appeals remained undisturbed in this case, it might well be that these respondents would faithfully comply with all future discovery orders entered by the District Court in this case. But other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts. Under the circumstances of this case, we hold that the District Judge did not abuse his discretion in finding bad faith on the part of these respondents, and concluding that the extreme sanction of dismissal was appropriate in this case by reason of respondents' "flagrant bad faith" and their counsel's "callous disregard" of their responsibilities.

National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976). In National Hockey League, the dismissal was based on respondents' failure to answer interrogatories. Id. at 639.

"Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." Roadway Exp., Inc. v. Piper, 447 U.S. 752 (1980) (citation omitted). Similarly, the Ninth Circuit has previously emphasized the appropriateness of diligent application of harsh sanctions under Fed. R. Civ. P. 37 for failure to comply with discovery requests and ensuing court orders. Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). The Wanderer court upheld the District Court rendering default judgment against a Defendant which continuously evaded discovery requests. Id. Using the Thompson[3] five-factor test, the Wanderer Court noted that the key factors, in considering a default or dismissal sanction are prejudice and availability of lesser sanctions. Id. Specifically, as to the element of prejudice, the Court found that refusal to comply

[3] Before imposing dismissal as a sanction, the district court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curium), *cert. denied,* 479 U.S. 829 (1986).

with discovery requests "which were compounded by repeated noncompliance with court orders to produce documents constituted a clear interference with the [movant's] ability to prove the claims and to obtain a decision in the case. The existence of prejudice is palpable." Id. As to the availability of lesser sanctions, the Court observed that such requirement had "clearly been satisfied" by the non-movant's continued defiance of both the adverse party and the Court. Id. Such is precisely the case herein, because in two years of litigation, the Plaintiffs have never provided an appropriate computation of damages or documents to support their computation.

## V. CONCLUSION

Plaintiffs have had ample time to provide a computation of their damages pursuant to Fed. R. Civ. P. 26. Further, they have had ample time to produce documents on which those computations are based. This Court Ordered Plaintiffs to produce those very documents. Yet, in defiance of that Order, Plaintiffs have only provided general information from the internet and a letter providing speculative damages. Neither of those documents are responsive to the Court's July 7, 2010 Order.

For the foregoing reasons, Defendants respectfully requests that the Court GRANT its Motion to Dismiss and dismiss Plaintiffs' claims against them in their entirety, pursuant to Fed. R. Civ. P. 37(b), based on Plaintiffs' failure to produce Documents as Ordered by this Court.

DATED: November 10, 2010 WOLFE & WYMAN LLP

By: /s/ ***Colt B. Dodrill***

**COLT B. DODRILL, ESQ.**
**Nevada Bar No. 9000**
**WOLFE & WYMAN LLP**
**980 Kelly Johnson Drive, Suite 140**
**Las Vegas, NV 89119**
**cbdodrill@wolfewyman.com**
**Tel: (702) 476-0100**
**Fax: (702) 476-0101**

Attorneys for Defendants
**NATIONAL CITY MORTGAGE COMPANY, MICHAEL DEMING, AND VIVIAN FURLOW**



WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**CERTIFICATE OF SERVICE**

On November 10, 2010, I served the **MOTION TO DISMISS FOR VIOLATING COURT ORDER** by the following means to the persons as listed below:

_X_ a. EFC System (you must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary):

Jason J. Bach jbach@bachlawfirm.com, Sandra.Herbstreit@bachlawfirm.com,

__ b. United States Mail, postage fully pre-paid (List persons and addresses. Attach additional paper if necessary):

By: ***/s/ Katia Ioffe***
Katia Ioffe
An employee of Wolfe & Wyman LLP