**COLT B. DODRILL, ESQ.**
Nevada Bar No. 9000
**WOLFE & WYMAN LLP**
**980 Kelly Johnson Drive, Suite 140**
**Las Vegas, NV  89119**
cbdodrill@wolfewyman.com
Tel: (702) 476-0100
Fax: (702) 476-0101

Attorneys for Defendants,
**NATIONAL CITY MORTGAGE COMPANY, MICHAEL DEMING, AND VIVIAN FURLOW**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| NICHOLAS OLIVA; JOAN OLIVA, individuals,<br><br>          Plaintiffs,<br>   v.<br><br>NATIONAL CITY MORTGAGE COMPANY; MICHAEL DEMING, individually and as an employee/agent of National City; VIVIAN FURLOW, individually and as an employee/agent of National City; and DOES I through XX, inclusive<br><br>          Defendants. | CASE NO.  2:08-cv-01559-PMP-LRL<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Defendants, National City Mortgage Company, Michael Deming, and Vivian Furlow (hereinafter collectively known as "Defendants"), by and through their attorneys, Wolfe & Wyman LLP, hereby Oppose Plaintiffs' Motion for Leave to File Second Amended Complaint (Docket No. 86).

///

///

///

1
**RESPONSE TO MOTION FOR LEAVE TO AMEND**

1   This Response is based on the attached Memorandum of Points and Authorities filed and
2   served concurrently, all exhibits attached hereto, all pleadings and papers on file herein, and upon
3   such oral and documentary evidence as may be presented at any hearing on this Motion that the
4   Court may allow.

## I.     FACTS AND PROCEDURAL HISTORY

In August, 2008, Plaintiffs Nicholas and Joan Oliva, filed suit alleging, *inter alia*, fraud and negligence as a result of the terms of their home mortgage loan that caused their interest rate to decline. Plaintiffs' interest rate has declined from 5.625% at origination to 3.250%. After two rounds of Motions to Dismiss, only the fraud and negligence claims remain. Trial is scheduled for February 8, 2011.

Several Motions remain pending before the Court. Defendants' Motion to Dismiss (Docket No. 77) will be heard on December 22, 2010. Defendants' Emergency Motion to Strike Untimely Expert Disclosure (Docket No. 80) was filed on December 7, 2010. Defendants' Renewed Motion in Limine (Docket No. 83) was filed on December 15, 2010. Defendants' Renewed Motion for Summary Judgment (Docket No. 85) was filed under seal on December 16, 2010.

On December 16, 2010, Plaintiffs filed a Motion for Leave to File Second Amended Complaint (Docket No. 86). The proposed amended Complaint (Docket No. 86-1) was attached thereto. For the following reasons, Plaintiffs' Motion for Leave to Amend should be denied.

## II.    LEGAL STANDARD

Last minute discovery and amendments to Complaints on the eve of trial are inconsistent with one of the principal goals of the discovery rules: preventing trial by ambush and surprise. See Maurice Rosenberg, Federal Rules of Civil Procedure in Action: Assessing Their Impact, 137 U. Pa. L.Rev. 2197, 2197-98 (1989) (describing the themes and goals of the Federal Rules of Civil Procedure).

Fed. R. Civ. P. Rule 15(a)(2) allows a party to amend its pleading more than 21 days after service of the initial complaint, "only with the opposing party's written consent or the court's leave. [However, the] court should freely give leave when justice so requires." Rule 15(c)(1)(B) allows amendment of claims "that arose out of the conduct, transaction, or occurrence set out — or

2
**RESPONSE TO MOTION FOR LEAVE TO AMEND**

1  attempted to be set out — in the original pleading."

2  "A district court acts within its discretion to deny leave to amend when amendment would be

3  futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith."

4  Chappel v. Laboratory Corp. of America, 232 F.3d 719, 725-26 (9th Cir. 2000) (citing Bowles v.

5  Reade, 198 F.3d 752, 757 (9th Cir. 1999)).

6  In Bowles, the Ninth Circuit noted that the District Court may also consider undue delay as a

7  factor. 198 F.3d at 757.  Subsequently, the Ninth Circuit has observed, "[i]n evaluating undue delay,

8  we also inquire 'whether the moving party knew or should have known the facts and theories raised

9  by the amendment in the original pleading.'" AmerisourceBergen Corp. v. Dialysist West, Inc., 465

10 F.3d 946, 953 (9th Cir. 2006) (citing, Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir.

11 1990)).[1]

12 The Ninth Circuit has also considered whether the plaintiff has previously amended her

13 complaint.  The Court noted that the district court's discretion over amendments is especially broad

14 "where the court has already given a plaintiff one or more opportunities to amend his complaint...."

15 Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir. 1980) (internal citations omitted).

### III.  LEGAL ARGUMENT

17 Plaintiffs' Motion for Leave to Amend should be denied, because the amendment would be

18 futile.  Further, Plaintiffs have shown undue delay in seeking leave to amend, the amendment would

19 prejudice Defendants, and Plaintiffs' request for leave was in bad faith.  Moreover, Plaintiffs have

20 previously amended their complaint and failed to allege a RESPA claim therein.

21 **A.     The Proposed Amended Complaint Would be Futile.**

22 Plaintiffs' request should be denied as there are no set of facts Plaintiffs can allege to entitle

23 them to any relief under RESPA.  See, United States ex rel. Lee v. SmithKline Beecham, Inc., 245

24 F.3d 1048, 1052 (9th Cir.2001) (courts may refuse to grant leave to amend if the amendment would

---

[1] See also Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th Cir.2002) (upholding district court's denial of leave to amend fraud claim where plaintiff had facts prior to first amendment and amendment was both *954 prejudicial and dilatory); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990) (upholding denial of leave to amend on the basis of dilatoriness and prejudice where Morongo Indians introduced new legal theory well into the litigation).

1 be futile). Plaintiffs' *ipse dixit* statement that "Plaintiffs then exercised due diligence in conducting necessary legal research to confirm the actual RESPA violations" (Mot. at p. 4:5-7) is without merit. Indeed, Plaintiffs have failed to raise any substantive argument in their Motion for Leave. Indeed, other than a bare citation to 12 U.S.C. § 2607, Plaintiffs' Motion contains only inapplicable Fed. R. Civ. P. 15 jurisprudence. Plaintiffs fail to provide any authority on RESPA. Indeed, they fail to state what they allege the purported RESPA violations to be.

Moreover, Plaintiffs fail to describe in their Motion the "concealed" information, leaving the Court and the Defendants to guess as to why Plaintiffs have suddenly raised a RESPA claim after making payments on their loan for five and a half years.

Here, the proposed amended complaint to raise RESPA claims is futile, because the claims are time-barred, without merit, and belied by the discovery conducted in this case.

### 1. Plaintiff's RESPA Claims are Time Barred.

Amendment would be futile, cause Plaintiffs' proposed Real Estate Settlement Practices Act (hereinafter, "RESPA") claims are stale. Like claims made under the Truth in Lending Act, RESPA claims have a one year statute of limitations. 12 U.S.C. § 2614; Snow v. First American Title Ins. Co., 332 F.3d 356, 358 (5th Cir. 2003). "[T]he limitations period for RESPA claims begins to run from the date of the occurrence of the violation rather than from when the action accrues, and must be measured with reference to this discrete event." Perkins v. Johnson, 551 F.Supp.2d 1246, 1254 (D.Colo. 2008) (citations omitted). Here, the claim arising from a failure to disclose would arise, if at all, at the time the alleged disclosures were not made. 12 U.S.C. § 2607.

Here, discovery has revealed the RESPA disclosures. It is indisputable that Plaintiffs signed a loan application on May 9, 2005 and closed on the loan on May 25, 2005. See, Motion for Summary Judgment (Docket No. 45). Further, on or about May 31, 2005, Plaintiffs received copies of the loan documents post-underwriting from the title company. See, correspondence dated May 31, 2005, a copy of which is attached hereto as Exhibit A. That included "Copy of Buyers Final HUD Settlement Statement." Id. A copy of the Buyers Final HUD Settlement Statement is attached hereto as Exhibit B. Thus, Plaintiffs' knew, or should have known, back in 2005 whether they received the appropriate RESPA disclosures. Thus, their RESPA claims, if any, would have expired

no later than May 31, 2006.  <u>Perkins</u>, 551 F.Supp.2d at1254.

Further, Plaintiffs retained counsel and filed suit in August, 2008.  Thus, by 2008, Plaintiffs demonstrated actual concern over their loan.  Yet, they failed to allege a RESPA claim in their Complaint.  Even after the Court granted Defendants first Motion to Dismiss (Docket No. 19), Plaintiffs Amended their Complaint and failed to make any RESPA allegations.  (Docket No. 20).  Therefore, because Plaintiffs were on notice of alleged irregularities in their loan and disclosures as of 2008, the RESPA claim is time-barred as of no later than 2009.  Indeed, both of Plaintiffs' prior complaints included TILA-based disclosure claims that have been summarily dismissed by the Court.  <u>See</u>, Docket Nos. 19 and 25.  This Court previously held that the Plaintiffs' conversion claim and TILA claim were barred as a matter of law by their respective three-year period of limitations.  Docket No. 19 at p. 3:10-12, 21-23.  Likewise, the one-year period for RESPA claims would have also lapsed long before 2010.  Thus, the Plaintiffs' RESPA claims are untimely.  Accordingly, this Court should not grant Plaintiffs leave to amend.

        2.      <u>RESPA Claims Fail Substantively.</u>

Further, the RESPA claims are futile, because, as a matter of law, Defendants made the required RESPA disclosures.

Plaintiffs' proposed RESPA claims rely solely on 12 U.S.C. § 2607, which prohibits the following:

> (a) Business referrals
> No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.
>
> (b) Splitting charges
> No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

However, RESPA does not prohibit customary fees:

> Nothing in this section shall be construed as prohibiting (1) the payment of a fee (A) to attorneys at law for services actually rendered or (B) by a title company to its duly appointed agent for services actually performed in the issuance of a policy

5
**RESPONSE TO MOTION FOR LEAVE TO AMEND**

   of title insurance or (C) by a lender to its duly appointed agent for services
actually performed in the making of a loan, (2) the payment to any person of a
bona fide salary or compensation or other payment for goods or facilities actually
furnished or for services actually performed, (3) payments pursuant to cooperative
brokerage and referral arrangements or agreements between real estate agents and
brokers, (4) affiliated business arrangements . . .

12 U.S.C. § 2607(c).  There is nothing to suggest that Plaintiffs paid any such prohibited fee.  Indeed, the Settlement Statement indicates that Plaintiffs paid no such fee.  See, Buyers Final HUD Settlement Statement, a copy of which is attached hereto as Exhibit B.

   Moreover, nothing in the letter to Plaintiffs dated April 27, 2005, two weeks before the Plaintiffs signed the loan application for the 3-year ARM on May 9, 2005, triggered any RESPA disclosure requirements.  In 1974, Congress added subsection (c) to s 121 of the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, to require disclosure in real estate transactions "at the time the creditor makes a commitment with respect to the transaction."[2]  Shortly thereafter, Congress enacted the Real Estate Settlement Procedures Act of 1974 ("RESPA"); § 6 of RESPA required "an itemized disclosure in writing of each charge arising in connection with" the settlement of a "federally related" (i. e., federally insured) loan "at the time of the loan commitment, but in no case later than twelve calendar days prior to settlement."[3]  Congress repealed both those provisions on January 2, 1976,[4] finding that "(w)hile the advance disclosure provisions of RESPA are a logical way to reach" TILA's objectives, "they are neither necessary nor as experience has borne out, desirable." H.R.Rep. No. 667, 94th Cong., 1st Sess. 4 (1975), U.S.Code Cong. & Admin.News 1975, pp. 2448, 2451.  Therefore, as a matter of law, the April 27, 2005 correspondence did not trigger any RESPA disclosure requirements.  Accordingly, the Plaintiffs' RESPA claim would fail as a matter of law.  Thus, the proposed Second Amended Complaint is futile.

     3.  <u>Fraud Claims are Not Pleaded with Particularity.</u>

   Further, the proposed amended complaint is futile, because it still fails to plead fraud with the

---

[2] Pub.L. 93-495, § 409, 88 Stat. 1519 (1975) (repealed 1976).

[3] Pub.L. 93-533, § 6(a), 88 Stat. 1726 (1974) (repealed 1976).

[4] Pub.L. 94-205, §§ 5 & 11, 89 Stat. 1158 & 1159 (1976).

requisite amount of particularity.  Pursuant to Fed. R. Civ. P. 9(b), the Plaintiff alleging fraud must allege the "who, what, when, where, and how of the misconduct charged."  <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009)(internal quotes omitted).   Here, when discussing the alleged fraud, Plaintiffs fail to allege the date on which the alleged fraud took place.  Indeed, they state only that "In 2005, Plaintiffs signed a contract for a house . . . ." (FAC at ¶ 12) and that Mr. Oliva became disabled some time during "October 2004."  FAC at ¶ 15.  Plaintiffs allege:

> Plaintiffs were assured in no uncertain terms by DEMING and FURROW [sic] that they would receive a seven (7) year ARM.

FAC at ¶ 16.  Plaintiffs do not allege when these statements were allegedly made by Mr. Deming and Mrs. Furlow.  Plaintiffs also fail to allege when Mrs. Furlow allegedly stated, "Don't worry.  Even if you hadn't caught it, the examiner would have."  FAC at ¶ 20.  Thus, on the eve of trial and over a year after discovery has closed, Plaintiffs have still not alleged the fraud claim with the requisite amount of particularity.  Accordingly, the proposed amended complaint is futile.

**B.     The Proposed Amendment is Untimely.**

Moreover, because Plaintiffs' Motion for Leave to Amend was filed on the eve of trial and almost a year after discovery closed, it should be denied on the basis of undue delay, bad faith, and prejudice to Defendants.

1.     <u>Plaintiffs Motion for Leave With Undue Delay.</u>

First, Plaintiffs should be denied leave to amend, because of the undue delay.  Plaintiffs base their RESPA claim on "information previously [] concealed from Plaintiffs."  Mot. at 4:1-2.  However, this statement, like the entire Motion, is disingenuous, at best.  Indeed, the "information" of which Plaintiffs speak consists of a letter Defendants sent to the Plaintiffs on April 27, 2005.  A copy of this correspondence is attached hereto as Exhibit C.  As the facsimile header clearly demonstrates, the letter was sent via facsimile to Plaintiffs at 702-365-7870 and received on April 27, 2005 at 4:34 p.m.  The letter is addressed to Nicholas and Joni Oliva at 360 Via Sonadora, Henderson, Nevada 89012, their address prior to their purchase of the Subject Property.  The letter was received by the facsimile machine of "Joannie Peteani," the maiden name of Plaintiff, Joan Oliva.  It cannot be understated that Mrs. Oliva was also the real estate agent on the subject

1  transaction.  Therefore, Plaintiffs have had this correspondence in their possession for the past five

2  years and have failed to produce it in discovery.

3        Moreover, Defendants specifically requested such information from Defendants pursuant to

4  Fed. R. Civ. P. 34:

> **REQUEST FOR PRODUCTION NO. 4:**
> Produce a copy of all documents which evidence any and all communications between you and Defendants regarding the Subject Loan.[5]

7  Plaintiffs' response was less than forthcoming:

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**
> OBJECTION:  This request is vague, ambiguous, palpably improper, overly broad and unduly burdensome.
>     Notwithstanding and without waiving said objections, please see Plaintiffs' documents annexed to Plaintiffs' initial disclosures pursuant to FRCP 26(f) labeled *Oliva 0001* through *0110*, as well as documents annexed to Plaintiffs' supplemental disclosures pursuant to FRCP 26(f), labeled *Oliva 0111* through *Oliva 0120, Oliva0141* through *Oliva 0187*, *Oliva 0189* through *Oliva 0204* and *Oliva 0216*.  **In as much as Defendants are seeking documents pertaining to communications between Plaintiffs and Defendant, Defendants would also be in possession of same.**
>     Discovery is on-going and Plaintiffs reserve the right to supplement this response and to use any documents exchanged by Defendants throughout the course of discovery.[6]

17  Obviously, none of the documents indicated in Plaintiffs' response included the April 27, 2005

18  correspondence.  Therefore, Plaintiffs had clearly withheld that document although it was

19  specifically requested by Defendants and subject to the mandatory disclosure requirements of Fed.

20  R. Civ. P. 26(a).  Plaintiffs' spontaneous location of this letter a year after the close of discovery can

21  only be the result of Plaintiffs' lack of diligence in examining their own files prior to filing a lawsuit.

22  As a result of Plaintiffs' lack of diligence in investigating their own files, Plaintiffs have sought

23  leave to amend their complaint to raise, for the first time, a RESPA claim.  Such a claim would

24  necessarily require the Court to continue the February 8, 2011 trial date to allow Defendants time to

25  conduct discovery on this document withheld by Plaintiffs.  Indeed, Defendants would need to re-

---

[5] See, Joan Olivas' Response to Defendants' Requests for Production, a copy of which is attached hereto as Exhibit D.

[6] See, Id. (emphasis added).

1  depose Plaintiffs' as to that correspondence, their RESPA claims, and any damages they allege they
2  suffered as a result. Such undue delay on the eve of trial belies leave to amend. Accordingly,
3  Plaintiffs' motion for leave to amend should be denied.

### 2. Plaintiffs' Motion for Leave Was Sought in Bad Faith.

Second, Plaintiff's request for leave to amend should be denied, because it was sought in bad faith. Chappel, 232 F.3d at 725-26. Here, Plaintiffs seek to amend their Complaint on the eve of trial to add an ill-conceived RESPA claim solely to delay the February 8, 2011 trial. As previously indicated, Plaintiffs have failed to diligently conduct discovery in the time allotted. Indeed, they have sought no less than 3 extensions in which to do so. They required numerous extensions to respond to Defendants dispositive motions. Now, when faced with a trial on a date certain, Plaintiffs have concocted a RESPA claim in the hopes of undermining the Court's schedule to avoid a trial on the merits.

As the Ninth Circuit has stated:

> The district court's conclusion that Solomon's motion to amend would cause undue delay and prejudice was not an abuse of discretion. Solomon made the motion on the eve of the discovery deadline. Allowing the motion would have required re-opening discovery, thus delaying the proceedings. The district court did not abuse its discretion in denying the motion to amend at that late date.

Solomon v. North American Life and Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998). Here, the delay is more egregious than in Solomon. The Plaintiff in Solomon filed his motion for leave much earlier in the litigation: on the eve of the discovery deadline. Id. Here, Plaintiffs' motion was filed almost a year after discovery closed. As in Solomon, granting leave for the Plaintiffs to amend their Complaint would necessarily require re-opening discovery to allow additional depositions of Plaintiffs regarding their new RESPA claims. Given the proximity to trial, this would require the Court to continue the trial on this case that has become significantly aged since the Plaintiffs filed their first Complaint back in August of 2008. Accordingly, the Motion for Leave was filed in bad faith and should be dismissed.

### 3. Plaintiffs' Proposed Amended Complaint Would Unduly Prejudice Defendants.

Third, Plaintiffs seek to unduly prejudice Defendants with this unsupported RESPA claim on

1  the eve of trial. Discovery has closed. Thus, Defendants are prevented from investigating whether
2  Plaintiffs suffered any damages as a result of the alleged RESPA allegation. Indeed, had Plaintiffs
3  identified such a claim prior to their depositions, Defendants could have inquired into the alleged
4  RESPA violations at Plaintiffs' depositions. Indeed, Plaintiffs have failed to produce documents
5  demonstrating any damages under their fraud or negligence cause of action. <u>See</u>, Motion to Dismiss,
6  Docket No. 77, hearing scheduled for December 22, 2010. It remains unclear what, if any, damages
7  were suffered by Plaintiffs. <u>See</u>, Motion for Summary Judgment, Docket No. 85 (filed under seal
8  pursuant to Court's protective order (Docket No. 76)). Defendants would be completely blindsided
9  by additional claims for damages for which it would be unable to properly investigate prior to trial as
10  part of the discovery process. Accordingly, they would be unfairly prejudiced if Plaintiffs were
11  allowed to amend their Complaint at the eleventh hour. Accordingly, their Motion should be denied.

## IV.    CONCLUSION

Plaintiffs Nicholas and Joan Olivas have continuously misled and undermined the court with their defamatory allegations, fully unsupported and conclusory pleadings, self serving disregard for the Federal Rules of Civil Procedure, and a lack of respect for the Court's scheduling orders.

Plaintiffs RESPA claim boils down to a letter received by Joan Oliva and withheld from Defendants for over two years and allegations that are unsupported by law or fact. Factually, the RESPA disclosures produced by Defendants indicate Plaintiffs paid no prohibited fees. Indeed, all RESPA disclosures were made to Plaintiffs at the time they applied for the loan (May 9, 2005) and when they signed the closing documents (May 25, 2005). Further, they received copies of these documents in correspondence from the title company (May 31, 2005). The claim not only fails substantively, but is time-barred as a matter of law.

///
///
///
///
///
///

10
**RESPONSE TO MOTION FOR LEAVE TO AMEND**

1  Plaintiffs' eleventh hour disclosure of that correspondence demonstrates not only a lack of
2 diligence on the part of Plaintiffs in finding documents in their own possession, but bad faith in
3 raising RESPA claims on the eve of trial to avoid the upcoming trial date.  Further, Defendants
4 would be unfairly prejudiced by Plaintiffs impermissible ambush at trial.  Accordingly, Plaintiffs,
5 who have already amended their Complaint once, should not be given leave to amend again to raise
6 an unsupported RESPA claim.

DATED:   December 20, 2010          WOLFE & WYMAN LLP

By:   /s/ *Colt B. Dodrill*
      COLT B. DODRILL, ESQ.
      Nevada Bar No. 9000
      WOLFE & WYMAN LLP
      980 Kelly Johnson Drive, Suite 140
      Las Vegas, NV  89119
      cbdodrill@wolfewyman.com
      Tel: (702) 476-0100
      Fax: (702) 476-0101

      **Attorneys for Defendants**
      **NATIONAL CITY MORTGAGE COMPANY, MICHAEL DEMING, AND VIVIAN FURLOW**

V:\National City Bank (1264)\069 (Oliva)\Pleadings\Response to Motion for Leave to Amend.doc

## CERTIFICATE OF SERVICE

On December 20, 2010, I served the **RESPONSE TO MOTION FOR LEAVE TO AMEND** by the following means to the persons as listed below:

  X   a.   EFC System (you must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary):

Jason J. Bach jbach@bachlawfirm.com, Sandra.Herbstreit@bachlawfirm.com,

  __   b.   United States Mail, postage fully pre-paid (List persons and addresses. Attach additional paper if necessary):

By: */s/ Katia Ioffe*
    Katia Ioffe
    An employee of Wolfe & Wyman LLP