# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

NICHOLAS OLIVA and
JOAN OLIVA,

        Plaintiffs,

v.

NATIONAL CITY CORPORATION, *et al.*,

        Defendants.

2:08-cv-01559-PMP-LRL

**O R D E R**

      Before the court is defendants' Emergency Motion to Strike Untimely Expert Disclosure (#80, filed December 7, 2010). The court has reviewed the motion (#80), plaintiffs' Opposition (#84), and defendants' Reply (#87).[1]

      Defendants removed this action for fraud and negligence, among other things, to federal court on November 12, 2008. *See* Pet. (#1). On February 13, 2009, the court granted defendants' Motion to Dismiss (#4), dismissing plaintiffs' fraud and negligence claims without prejudice. Order (#19). Plaintiffs thereafter filed an Amended Complaint (#20) on March 16, 2009. Defendants' Motion to Dismiss the Amended Complaint (#21) was granted in part on May 26, 2009; claims of negligence and fraud survived. *See* Minutes (#25).

      Defendants served their initial disclosures on August 20, 2009. Pursuant to the Scheduling Order (#28), discovery was to close on December 8, 2009. Because plaintiffs required additional time

---

[1] The court ordered that plaintiffs' response not exceed seven pages and defendants' reply not exceed five pages. Minute Order (#82). Plaintiff's response occupied twelve pages, defendant's reply eleven pages. The court recognizes that in matters of legal writing brevity is more challenging than prolixity. Nevertheless, counsel are reminded that courts generally are more appreciative of the former than of the latter.

to make their initial and their expert disclosures, the parties entered a stipulation to extend certain deadlines, which this court granted on October 5, 2009. Order (#31). Initial disclosures were due by October 13, 2009, expert disclosures were due by October 23, 2009, and the discovery cut-off was set for December 8, 2009. *Id.* On October 20, 2009, the parties stipulated to another thirty day extension of deadlines. Pursuant to the court's October 20, 2009 Scheduling Order (#34), the discovery cut-off was extended to January 7, 2010, while expert disclosures were due on November 23, 2009. The deadline to disclose rebuttal expert witnesses was December 23, 2009.

On November 23, 2009, plaintiffs sent an expert witness disclosure to defendants via facsimile. *See* Exh. B to Mot. (#37). The disclosure did not include the expert's report, nor did a report follow. On December 7, 2009, plaintiffs served their first discovery requests. Pursuant to the court's December 21, 2009 Order on Stipulation (#40), the date by which the plaintiffs were to depose defendants Vivian Furlow ("Furlow") and Michael Deming ("Deming") was extended to February 12, 2010. The order expressly noted that no other discovery deadlines were extended. Order (#40) at 2. Plaintiffs set the depositions for February 12, 2010. On January 7, 2010, defendants provided their responses to plaintiffs' discovery requests. On the morning of February 8, 2010, the deadline for dispositive motions, defendants filed Motions in Limine (#43), a Motion to Dismiss (#44), and a Motion for Summary Judgment (#45).

On May 12, 2010, the court granted defendants' Motion to Strike Plaintiffs' Expert Ian Hirsch (#37) noting that the designation was untimely made without adequate explanation, and denied plaintiffs' Motion to Compel (#48) and to Reopen Discovery (#49). Order (#60). Plaintiffs' filed a Request for Review of Magistrate's Order Granting Motion to Strike Plaintiffs' Expert, Ian Hirsch and Denying Plaintiffs' Motion to Compel Discovery Responses and to Reopen Discovery (#62). Thereafter, the presiding district judge, Judge Pro, held a hearing on the Motion (#62), as well as defendants' Motion in Limine (#43), Motion to Dismiss (#44), and Motion for Summary Judgment (#45). He denied defendants' motions (## 43, 44, 45), plaintiffs' Request for Review (#62), and affirmed the Order (#60). Order (#67). In denying the defendants' Motion for Summary Judgment

(#45) without prejudice, Judge Pro granted plaintiffs "60 additional days for purposes of conducting discovery pursuant to Rule 56(f)." *Id.* Judge Pro further ordered plaintiffs to produce by August 6, 2010 all documents upon which they rely to support their damages claim. Defendants were ordered to produce documents in their possession reflecting the published interest rates for the relevant time period for both seven-year and three-year adjustable rate mortgages. The parties were to conduct any additional depositions necessary to complete discovery on the issue of whether between May 2005 and May 2008, plaintiffs paid monthly interest rates consistent with a seven-year adjustable rate mortgage rather than a three-year adjustable rate mortgage. The cutoff for this additional, limited discovery was September 7, 2010.

On August 5, 2010, defendants informed plaintiffs that some of the documents which the court had ordered it to produce did not exist. Defendants also refused to produce the interest rate information absent a confidentiality agreement. During the depositions of Deming and Furlow, defense counsel instructed the deponents not to answer questions. Accordingly, on October 21, 2010, Judge Pro granted plaintiffs' Motion for an Order to Show Cause Why Defendants Should Not Be Held in Contempt for Failure to Comply With This Court's Order, to Strike Defendants' Answer, or Alternatively, to Take Continued Depositions of Defendants' Deming and Furlow (#68). Noting defendant's "egregious" discovery abuses, he sanctioned defendants in the amount of $10,000, ordered defendants to produce documents immediately, including the mortgage rate sheets, and ordered an additional half-day of deposition for both Deming and Furlow. Minutes (#76).

Plaintiffs received the mortgage rate sheets on October 21, 2010. In mid-November, plaintiffs discovered additional documents, including a Mortgage Loan Credit Approval letter signed by Deming, which plaintiffs disclosed on November 18, 2010. Although Deming testified that the letter would have been part of the plaintiffs' mortgage file, the document had not been produced by defendants. Opp'n (#84) at 3. Once in receipt of the rate sheets and upon finding the approval letter, plaintiffs retained an expert, Curtis L. Novy ("Novy"), to provide a report regarding the defendants' conduct and practices. *Id.* The continued depositions took place on November 30, 2010.

On December 1, 2010, plaintiffs sent to defense counsel by facsimile a Plaintiffs' Expert Witness List and Disclosures Pursuant to NRCP 16(a)(2) [sic] , designating Novy as an expert in the case. Exh. G to Mot. (#80). On December 2, 2010, defense counsel, Colt B. Dodrill, phoned plaintiffs' counsel, Jason J. Bach, to discuss the expert disclosure, which Dodrill believed to be untimely. Dodrill twice left messages for Bach, after which he received a call from Bach's assistant requesting more information as to the nature of Dodrill's call. Dodrill explained that he wished to meet and confer regarding the untimely expert designation and provided his mobile phone number. The next day, Dodrill attempted to contact Bach again by telephone, but once again unsuccessful, he left another message. Dodrill did not hear back from Bach. Defendants filed the instant Emergency Motion to Strike Untimely Expert Disclosure (#80) on December 7, 2010. Trial is currently set for February 8, 2011. Minutes (#76).

Under Rule 37(c)(1), "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." This is an either/or standard; non-disclosure must be either substantially justified or harmless to avoid being excluded under the Rule. *Galentine v. Holland America Line-Westours, Inc.*, 333 F. Supp. 2d 991, 993 (W.D. Wash. 2004) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)) (other citation omitted). "The sanction is automatic and mandatory unless the sanctioned party can show that its violation . . . was either justified or harmless." *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998); *see also Yeti by Molly*, 259 F.3d at 1107.

The record now before the court reflects that plaintiffs' delay in disclosing Novy as an expert was substantially justified. Although, as defendants note, Judge Pro did not specifically allow for the designation of experts when he ordered an additional sixty days of discovery pursuant to Rule 56(f), plaintiffs explain that they were unable to provide a meaningful expert report until they had the rate sheets, letter, and had completed meaningful depositions of Deming and Furlow – made possible only after defendants were sanctioned by Judge Pro. Opp'n (#84) at 7. Upon locating the letter and receiving

4

the rate sheets, plaintiffs diligently retained Novy, who was able to complete his report after the depositions of Deming and Furlow were concluded. The report was provided the following evening. Plaintiffs' delay in obtaining the foregoing information is directly attributable to the defendants' abuse of discovery. The court therefore finds that plaintiffs' late disclosure of Novy was substantially justified.

With regard to the issue of harm, the court finds that any prejudice or harm to defendants by the late designation of Novy can be ameliorated by allowing defendants to depose Novy prior to trial. The delay that may result will be relatively minor. In any event, the delay is attributable, at least in part, to defendants' own "egregious" discovery tactics. As for defendants' contention that Novy's testimony or his report are not relevant, it will be for the trial judge as gatekeeper at the appropriate time to determine whether Novy or any other expert should be permitted to testify and express an opinion.

Accordingly, and for good cause shown,

IT IS ORDERED that defendants' Emergency Motion to Strike Untimely Expert Disclosure (#80) is DENIED.

IT IS FURTHER ORDERED that Curtis L. Novy shall appear for deposition at a time and date convenient to the parties, but without unnecessary delay.

DATED this 5th day of January, 2011.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**