**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| NICHOLAS OLIVA; JOAN OLIVA, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL CITY CORPORATION; NATIONAL CITY MORTGAGE COMPANY; NATIONAL CITY BANK OF INDIANA; MICHAEL DEMING, individually and as an employee/agent of National City; VIVIAN FURLOW, individually and as an employee/agent of National City,<br><br>Defendants. | 2:08-CV-01559- PMP-LRL<br><br>**ORDER** |

On February 3, 2011, the Court conducted a hearing regarding Defendants' Renewed Motion for Summary Judgment (Doc. #85).

By this Motion, Defendants seek judgment on the grounds that no genuine issue of material fact remains that Plaintiffs have suffered, and can prove no damages as a result of the alleged conduct of Defendants. Defendants further argue that Plaintiffs' claim for negligence must fail because Defendants owed no predicate duty of care. Finally, Defendants argue that there remains no genuine issue of material fact that Plaintiffs had actual notice of the terms of their mortgage loan

agreement at the time of its origination in May 2005.  The Court agrees and finds that Defendants' Renewed Motion for Summary Judgment (Doc. #85) must be granted.

Specifically, even if Plaintiffs were able to show Defendants knowingly made false representations to Plaintiffs intending to induce Plaintiffs act in reliance on their misrepresentation, and assuming further Plaintiffs in fact relied upon Defendants misrepresentations, there is no genuine issue of material fact regarding whether Plaintiffs suffered any damages as a result of relying on Defendants misrepresentations. The record clearly establishes they did not.

Moreover, Plaintiffs have failed to demonstrate that a genuine issue of material fact remains regarding whether they justifiably relied on any misstatements made by Defendants.  As argued by Defendants, all parties have an equal opportunity to examination the terms of the loan agreement which negates the argument that Plaintiffs reliance on any alleged misrepresentations by Defendants was justifiable.

The Court further finds that Plaintiffs negligence claim must fail because Plaintiffs cannot show that Defendants owed a general duty of care regarding the placement of the mortgage loan.

**IT IS THEREFORE ORDERED that** Defendants' Renewed Motion for Summary Judgment (Doc. #85) is **GRANTED** and that the Clerk of Court shall forthwith enter judgment in favor of Defendants and against Plaintiffs.

///
///
///
///
///
///

**IT IS FURTHER ORDERED that** Defendants' Motion to Dismiss (Doc. # 77), Defendants' Renewed Motion in Limine (Doc. #83), Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. #86), Plaintiffs' Motion to Strike Defendants' Answer (Doc. #90), and Defendants' Counter Motion for Attorneys Fees (Doc. #99), are **DENIED** as moot.

DATED: February 4, 2011.

PHILIP M. PRO
United States District Judge